[No. 39508.    Department One.    May 2, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. TROY QUEEN, *Appellant.**

*Reported in 440 P.2d 461.

*Eugene A. Stock,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Bruce E. Jones,* and *Donald J. Hale,* for respondent.

WALTERSKIRCHEN, J.†—This is an appeal from a conviction and sentence for indecent exposure, RCW 9.79.080. New counsel was appointed to represent appellant in this court. He makes two assignments of error: (a) that appellant was denied effective assistance of counsel, and (b) that the court erred in instructing the jury that

> [I]n connection with the crime of indecent exposure, willfulness and intent are not necessary elements to constitute the offense; the mere doing of the act constitutes the crime.

■ Appellant's retained trial counsel took no exception to the court's instruction. It, therefore, became the law of the case. *State v. Leohner,* 69 Wn.2d 131, 417 P.2d 368 (1966); *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965).

■ On the question of effective assistance of competent counsel, appellant makes four contentions. First, that the rule of this jurisdiction, stated in *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967), to the effect that a regular practicing attorney is presumed to be qualified, does not apply

---

†Judge Walterskirchen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

in the instant case because appellant's trial counsel was disbarred approximately one month after appellant's trial on the basis of findings made by the bar association prior to the trial. However, at the time of appellant's trial, his lawyer was still authorized to practice law, and the grounds for his disbarment were totally unrelated to appellant's case or to the type of conduct alleged by appellant to have been incompetent in the instant case. See *In re Warnock,* 70 Wn.2d 457, 423 P.2d 929 (1967). On the facts of the instant case, we adhere to the presumption set forth in *State v. Silvers,* 70 Wn.2d 430, 433, 423 P.2d 539 (1967), as follows:

> An attorney who has been admitted to practice law in the state of Washington is presumed to be of sufficient skill and learning to adequately defend a person accused of a crime.

We also adhere to the requirement of *Piche, supra* at 579, that, for a reversal on the ground of incompetence of counsel, such incompetence must be affirmatively and clearly shown.

Appellant's charges of incompetency relate principally to the failure of counsel to make certain objections, and to a failure to except to the court's instruction on intent. We have reviewed the record and note that, during the course of the very brief trial, 20 objections were interposed by appellant's counsel. However, appellant directs our attention to seven questions and/or responses which he contends "defense counsel could and should have objected to either the questions and/or the responses." All of these questions elicited testimony which was relevant, competent, and material to the issues before the court, and, although there may have been room for objection to the form of some of these questions or to the technical propriety of some of the answers, had the objection or the motion to strike been made and sustained, merely restating the questions in proper form would have made the testimony totally unobjectionable.

Under these circumstances, the failure to object to these several questions and/or responses clearly does not

demonstrate incompetence. As we said in *State v. Lei*, 59 Wn.2d 1, 6, 365 P.2d 609 (1961):

An attorney cannot be said to be incompetent if, in the exercise of his professional talents and knowledge, he fails to object to every item of evidence to which an objection might successfully be interposed.

*See also* Annot. 74 A.L.R.2d 1390, 1453 (1960).

The remaining charge of any substance relating to appellant's contention that his trial counsel was incompetent is that he failed to object to the court's instruction on intent. We note, in passing, that, although, as a constitutional matter, an accused is certainly entitled to a reasonably competent and effective counsel, *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158, 53 Sup. Ct. 55 (1932), it is held, when he is represented by counsel of his own choice, and that counsel was not infallible, it does not raise a constitutional question unless the trial is reduced to a farce or a sham. *Hendrickson v. Overlade*, 131 F. Supp. 561 (N.D. Ind. 1955).

This court, in *State v. Mode*, 57 Wn.2d 829, 833, 360 P.2d 159 (1961), said:

Mistakes or errors of judgment do not establish the violation of a constitutional right. It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted.

Six years later, in speaking of court-appointed counsel in *State v. Thomas*, 71 Wn.2d 470, 471, 429 P.2d 231 (1967), we stated the test for determining whether appellant was denied effective assistance of counsel in violation of his constitutional right to be "After considering the *entire record*, can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?"

We have reviewed the record and hold that appellant's contention of incompetency of his trial counsel cannot be sustained. In doing so, we take cognizance of the following factors.

Although it might appear, from a perusal of the authorities, that an argument can be made that the instruction was

erroneous, still even the scholars indicate that where a statute is involved, the rules of the various jurisdictions are in conflict. *See generally* R. Perkins, Criminal Law, ch. 5 at 336-37 (1957); W. Clark & W. Marshall, Law of Crimes, § 11.09 (6th ed. 1958); 2 Wharton's Criminal Law and Procedure, § 784 (Anderson's ed. 1957); 33 Am. Jur. *Lewdness, Indecency and Obscenity* § 7 (1941); Annot. 94 A.L.R.2d 1353, 1356 (1964). *See also* 21 Am. Jur. 2d *Criminal Law* § 26 (1965).

A check of the cases in the jurisdictions which require intent will show that, in the majority of instances, the charges were based either on the common law definition of the crime or on statutes which specifically include the word willful, or intentionally, or knowingly, or some similar expression. See Annot., 93 A.L.R. 996. RCW 9.79.080 includes no such term.

On the other hand, a fair reading of this court's opinion in *State v. Leohner, supra; State v. Winger,* 41 Wn.2d 229, 248 P.2d 555 (1952); *State v. Kosanke,* 23 Wn.2d 211, 160 P.2d 541 (1945); and *State v. Huey,* 14 Wn.2d 387, 128 P.2d 314 (1942), which relate to various aspects of RCW 9.79.080, would tend to establish that the trial court instruction was correct.

We cannot say, therefore, that appellant's trial counsel was incompetent because he failed to except to the court's instruction. This is especially so in view of the fact that, in the court's instructions Nos. 2, 3, 4, and 5, the jury was repeatedly instructed that, to constitute a crime, the exposure must have been "indecent" or "obscene." The court's instructions gave appellant's counsel ample room to argue that the exposure was accidental and not lascivious or lewd. *See State v. Galbreath,* 69 Wn.2d 664, 668, 419 P.2d 800 (1966). The court, in *Boles v. State,* 158 Fla. 220, 221, 27 So. 2d 293 (1946), said:

> "[L]ascivious," and "indecent" are synonyms and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.

And, in *State v. Martin,* 125 Iowa 715, 718, 101 N.W. 637 (1904), it was said:

The words "indecent exposure" clearly imply that the act is either in the actual presence and sight of others, or is in such a place or under such circumstances that the exhibition is liable to be seen by others, and is presumably made for that purpose, or with reckless and criminal disregard of the decencies of life.

As the final factor, we deem it important that, as appellant's counsel in this court conceded, the state had a strong case. Indeed, there was no evidence whatsoever upon which the jury could have found lack of intent or accident in connection with appellant's conduct. The testimony establishes that appellant drove his car up to the curb near where the prosecutrix, a female of the age of 14 years was standing, that he slid across the seat to the curb side of his car, that he rolled down the window, and that he engaged the child in conversation in such a manner as to cause her to approach his car, whereupon the fact that he was "playing with himself" became readily apparent to her. Appellant did not testify, and offered no evidence.

■■ Although we are not concerned with the question of guilt or innocence as such, when the question of competency of counsel is raised, the question of guilt becomes important and may be considered; *see* Annot., 74 A.L.R.2d, *supra,* § 7 at 1414. This is so, because, if the accused is conclusively guilty, the question as to just what his counsel can do by way of defense is important. *Hendrickson v. Overlade, supra* at 563. It is also important in determining whether any alleged error is prejudicial or merely harmless. From the record before us, it appears that, even if the court had instructed the jury as appellant contends should have been done, the result would have been no different.

A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. . . .

. . . .

"One very common test which is applied in a variety of situations is whether or not the error affected the result. If it did not, then it is not reversible error. . . ." *State v. Britton,* 27 Wn.2d 336, 341, 178 P.2d 341 (1947).

712

Here, even if we assume that the failure to take the exception was error, it was harmless, for, as in *State v. Griffith,* 52 Wn.2d 721, 733, 328 P.2d 897 (1958):

> [W]e are convinced that the verdict of the jury . . . cannot be attributed to the alleged inexperience or inability of counsel to properly defend the rights of the accused . . . but . . . [is] the result of the overwhelming evidence that the appellant committed the . . . crime of which he was accused.

The judgment is affirmed.

FINLEY, C. J., HAMILTON, HALE, and McGOVERN, JJ., concur.