[No. 35760.    Department Two.    August 1, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM JAMES REID, *Appellant.**

*Richard M. Ishikawa,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Patricia G. Harber,* and *Jerry Brian Riess,* for respondent.

WILLIAMS, J.†—Defendant was tried and convicted by a jury of the crime of second degree burglary. From the judgment and sentence entered thereon,[1] he has appealed and assigns as error the insufficiency of the information by which he was charged and the trial court's giving instructions Nos. 1, 2 and 3.

The charging part of the information provided as follows:

He, the said WILLIAM JAMES REID, in the County of King, State of Washington, on or about the 22nd day of

*Reported in 444 P.2d 155.

†Judge Williams is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]The unusual delay in hearing this appeal following defendant's conviction and sentence on September 27, 1960 was occasioned by his twice being confined in a state mental institution and the time involved in the hearings incident thereto and as related to his appeal.

March, 1960, with intent to commit a crime therein, willfully, unlawfully and feloniously did break and enter the premises located at 601 Columbia, said premises being occupied by the Yale Grocery, and being premises wherein property was then and there kept for sale, use and or deposit; and said premises not then and there owned nor lawfully occupied by said defendant.

That portion of instruction No. 1 about which defendant complains reads as follows:

He, the said WILLIAM JAMES REID, in the County of King, State of Washington, on or about the 22nd day of March, 1960, with intent to commit a crime therein, willfully, unlawfully and feloniously did break and enter the premises located at 601 Columbia, said premises being occupied by the Yale Grocery, and being premises wherein property was then and there kept for sale, use and or deposit; and said premises not then and there owned nor lawfully occupied by said defendant.

That portion of instruction No. 2 about which defendant complains reads as follows:

(2) That said breaking and entering of said building was with the intent to commit a crime therein; . . . .

Defendant contends that the defect in the information and instructions Nos. 1 and 2 is in the use of the words "with intent to commit a crime therein." He argues that by not identifying the crime he intended to commit when he allegedly broke and entered, results in the information and instructions being too indefinite to apprise him of the accusation against him.

Defendant's trial counsel (different counsel than on appeal) neither before nor during the trial moved for a more definite statement, nor was the question of the insufficiency of the information raised on defendant's motion to dismiss at the close of the state's case. Neither was an exception taken to the giving of instructions Nos. 1 or 2.

Having failed to move for a more definite statement, defendant cannot now on appeal for the first time complain that he was not sufficiently advised of the nature of the charge upon which he was tried. *State v. Fairfax*, 42

Wn.2d 777, 258 P.2d 1212 (1953). Likewise, by his failure to except to the giving of instructions Nos. 1 and 2, they became the law of the case. *State v. Queen,* 73 Wn.2d 706, 440 P.2d 461 (1968).

The defendant assigns error to the court's giving instruction No. 3. That portion of the instruction about which he complains reads as follows:

> Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless such unlawful breaking and entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

Defendant contends that the instruction is unconstitutional in that the presumption created is made conclusive unless met by him, thus shifting the burden of proof to him to prove his innocence.

This contention was squarely met and decided adversely to defendant's position in the recent case of *State v. Durning,* 71 Wn.2d 675, 430 P.2d 546 (1967).

No exception was taken to instruction No. 3 and it, therefore, became the law of the case. *State v. Queen, supra.*

The judgment is affirmed.

FINLEY, C. J., WEAVER, HUNTER, and McGOVERN, JJ., concur.