[No. 79-40700-1.    Division One.    October 15, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. EDDIE EUGENE JACKSON, *Appellant*.

*John W. Rusden*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *Jerry Brian Riess, Deputy*, for respondent.

STAFFORD, J.—A jury found the defendant guilty of rob-

bery. He appeals from the judgment and sentence. There is no substantial factual dispute.

On June 29, 1968, at approximately 2:20 a.m., Mr. Benoliel was operating his taxicab in the vicinity of 15th Avenue and Madison Street in Seattle. He noticed a male Negro and a stocky or pregnant white female standing on a well-lighted corner near a cafe. About 15 minutes later he was directed to pick up a fare at 12th and Madison and upon arrival recognized the same couple standing in the light of a telephone booth.

The man and woman entered the back seat of the cab and directed Mr. Benoliel to drive to 1821 Howell Street. Upon arrival the woman asked him to wait while she went into a house for the fare. As she left the cab the man moved behind Benoliel, placed both arms around his neck, pushed a sharp cold metal object into the back of his neck and demanded his money. The driver gave him between $18 and $23 in currency, which consisted of one 10-dollar bill and the balance in 1-dollar bills.

The man jumped from the cab, passed in full view, and ran down Howell Street with the woman. Mr. Benoliel radioed a report of the robbery to the police and described his attacker as a slender young male Negro of medium complexion, in his early twenties, approximately 5 feet 8 inches in height, weighing 160 pounds, short hair and clean shaven except for a goatee. He was said to be wearing a blue jacket of the windbreaker type, also described as a dark jacket. The woman was described as white, with light hair, either stocky or pregnant, 5 feet 5 inches in height, wearing a blue dress or coat and red tennis shoes.

Within a few minutes the defendant, Eddie Eugene Jackson, and his pregnant wife were arrested approximately three blocks from the scene of the crime. Their description closely matched that reported by Mr. Benoliel, except the defendant was wearing a dark brown cardigan-type sweater or jacket. The police searched the defendant and found a key with a sharpened end and a wallet that contained a 10-dollar bill and seven 1-dollar bills.

Mr. Benoliel identified a specific 1-dollar bill as one that had been taken from him. He also attended a police lineup later that day and identified the defendant as his assailant.

Mr. Benoliel was the sole eyewitness to the crime. His identification was essential for a conviction of the defendant. Thus, it is contended that the trial court erred in its refusal to grant defendant's proposed instruction No. 6 which reads:

> The possibility of human error or mistake and the probable likeness or similarity of objects and persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors passing upon the credibility that you attach to the witnesses' testimony and you must be satisfied beyond a reasonable doubt as to the *accuracy* of the witnesses' identification of the defendant.

(Italics ours.)

The defendant admits the jury was properly instructed on "credibility of witnesses." He asserts, however, that the instructions as a whole were insufficient because the jury could have found the witness to be *credible,* without having considered the issue of *accuracy.*

■■ The assignment of error is not well taken. Instruction No. 9 advised the jury:

> A conclusion based upon direct evidence depends upon your belief in the truthfulness and *accuracy of observation of the witness testifying to the fact observed;* . . .

(Italics ours.) The instructions as given adequately meet the assignment of error. Since the defendant did not except to instruction No. 9 it became the law of the case. *State v. Reid,* 74 Wn.2d 251, 444 P.2d 155 (1968), *State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539 (1967). Instructions are to be read and understood as a whole, not singly and disconnectedly, as if each stood alone. *State v. Jamerson,* 74 Wn.2d 146, 443 P.2d 654 (1968), *State v. Willis,* 67 Wn.2d 681, 409 P.2d 669 (1966).

At this time it is not necessary to decide whether the testimony of a sole eyewitness requires a cautionary instruction on the subject of "accuracy."

The defendant urges that the jury's consideration of the 1-dollar bill should have been restricted to the fact that it was found in the defendant's possession. He contends that it was indistinguishable from other similar currency and thus could not have been identified as having once belonged to Mr. Benoliel. The assignment of error is without merit.

Mr. Benoliel positively identified the 1-dollar bill. He explained his practice of examining each bill for alterations, folding it in an unusual way and then placing it in his shirt pocket. The 1-dollar bill in question had creases which corresponded with the unusual fold. Mr. Benoliel testified further that the particular bill "was easily recognizable or noticeable because it was old and crumpled and yellowish, . . . it was a well worn out bill." He described it as: ". . . surely much darker than the bill next to it. It is a little smaller."

The characteristics of the bill were sufficient to distinguish it from other currency of the same denomination. *State v. Barry*, 43 Wn.2d 807, 264 P.2d 233 (1953), *State v. Burns*, 19 Wash. 52, 52 P. 316 (1898). The value of a witness's identification of an exhibit goes to its weight and not to its admissibility. *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968), *State v. Spadoni*, 137 Wash. 684, 243 P. 854 (1926).

Finally, the defendant asserts the trial court's failure to limit consideration of the 1-dollar bill amounted to a tacit instruction that the jury should assume it was the one taken from Mr. Benoliel. We do not agree.

A trial court does not vouch for either the authenticity or the weight to be given an exhibit. Instruction No. 4 advised the jury that a court is prohibited from commenting upon the facts or upon the credibility of any witness, and it is the jury's duty to disregard any apparent comment. They were told in instruction No. 5 that jurors are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each. The defendant took no exception to the adequacy of these instructions. Thus, they are the law of the case. *State v. Reid, supra, State v. Sil-*

*vers, supra.* There is no reason to assume that the jury failed to follow the instructions.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.