[No. 358-40890-1.   Division One—Panel 2.   July 20, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. DON ISAACS, *Appellant.*

*Leon T. Noble,* for appellant.

*Henry Dunn, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—Don Isaacs was tried by a jury and convicted of the crime of grand larceny by means of false representation. His appeal presents questions of error as to the information, the denial of a motion of continuance because of surprise, and refusal of the trial court to give certain instructions.

The state introduced substantial evidence that the offense charged occurred in this way: Appellant, an auto dealer in Longview, sold a pickup truck to an employee of the International Paper Company. Financing was arranged through the company's credit union, which had transacted business with appellant for a number of years. Because of the fact that on two recent occasions appellant had failed to accomplish transfer of the legal (lien) ownership to the credit union, an official required appellant to produce title to the truck before delivery of the check in payment therefor.

The document referred to by all concerned as the "title" was a duplicate original (yellow) of "dealer's permit and application for certificate of ownership." In a normal situation, the application was to be prepared by a licensed auto dealer and filed with the county auditor in those instances in which the vehicle was registered in another state. The form contained a report of sale by the dealer warranting that the vehicle was free and clear of any encumbrance except as shown in the space provided for the listing of a lien holder.

Appellant completed and signed the application, showing the credit union, only, as the lien holder, although in fact the truck was mortgaged to a bank in California to secure an indebtedness of about $2,200.

A few months prior to the sale of the truck, appellant's dealer license had been canceled. He knew that the truck was encumbered.

Appellant delivered the application which he had signed and which listed the credit union, only, as a lien holder to the credit union and received its check in the amount of $2,322.80. Six or seven months later, the credit union discovered the interest in the vehicle of the California bank.

Appellant's defense was, in essence, that he had followed the same procedure with the credit union for some years. There was evidence that it was a practice of auto dealers in the community to make a certification of the lien holder as was done in this case and then pay the existing encumbrance from the proceeds of the sale. In the many similar transactions between the credit union and appellant, however, this was the first instance in which the application (containing the warranty) had been demanded as a condition precedent to delivery of the check. The inferences to be drawn from the evidence were for the jury. *State v. Basford,* 76 Wn.2d 522, 457 P.2d 1010 (1969).

The information charging appellant with larceny was in the form of the statute (RCW 9.54.010) and contained an allegation of false representation under subsection 2, and embezzlement under subsection 3 of the statute. Appellant challenged the sufficiency of the information and demanded a bill of particulars. No disposition of this was made in a formal way, although the prosecuting attorney and defense counsel did hold conversations relative thereto. Immediately preceding trial, appellant's counsel complained that he then understood the state was prepared to rely upon evidence as to false representation rather than embezzlement. However, when asked by the court what he wished to do, he stated:

> I prefer to try it, Your Honor, and see if we come to the situation that there isn't any evidence of false pretense then I can move to dismiss.

Appellant proceeded to trial. The charging part of the information was carried into an instruction to which

appellant made no objection, thereby making it the law of the case. *State v. Reid,* 74 Wn.2d 250, 444 P.2d 155 (1968); *State v. Queen,* 73 Wn.2d 706, 440 P.2d 461 (1968).

■ Appellant assigns error to the refusal of the trial court to give instructions advancing his theory of the case. The instructions as given were carefully drawn and adequately covered each issue. There was therefore no error. *State v. Guerzon,* 23 Wn.2d 242, 160 P.2d 603 (1945); *State v. Crossman,* 189 Wash. 124, 63 P.2d 934 (1937).

■ Finally, appellant contends that the trial court erred in its refusal to grant a new trial upon the basis of surprise. The surprise claimed was that the state was able to offer evidence as to false representation. No objection was made to the testimony and the objection was therefore waived. *State v. McKenzie,* 56 Wn.2d 897, 355 P.2d 834 (1960); *Ward v. Ticknor,* 49 Wn.2d 493, 303 P.2d 998 (1956).

Evidence was introduced by the state showing appellant had had a similar experience with the credit union of another company. Appellant did not object to this testimony and, in fact, intended to rely upon it in the belief that it would prove that his actions were normally accepted in the business world. It is a circumstance unfortunate to appellant that this testimony could also demonstrate that appellant was pursuing a scheme or plan of obtaining property by false representations. This makes the evidence admissible under the rule of *State v. Hartwig,* 45 Wn.2d 76, 273 P.2d 482 (1954).

Judgment affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied September 8, 1970.

Review denied by Supreme Court October 26, 1970.