[No. 2382–3. Division Three. August 1, 1978.]

THE STATE OF WASHINGTON, Respondent, v. JERRY MITCHELL ROBINSON, Appellant.

*Richard L. Cease, Public Defender,* and *Richard F. Ayres, Jr., Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Terence M. Ryan, Deputy,* for respondent.

MUNSON, C.J.—The defendant appeals from a conviction of unlawful imprisonment. RCW 9A.40.040.

On September 22, 1976, as Sharon Kraemer, a high school sophomore, was walking home from school, a car pulled up and the driver asked her if she wanted a ride. She refused and made a mental note of the license number. The car drove on and later pulled up beside her again. As she started to walk across a lawn, the defendant, who was alone in his car, jumped out and chased her. He grabbed her arm and attempted to pull her toward his car, saying, "do what I say or else." She kicked him in the leg and stamped on his foot, causing him to release her. She then ran about a block and a half to her home where she arrived upset and frightened. Defendant had made no attempt to follow her.

Defendant contends the court erred in either (a) denying his motion to dismiss at the close of the State's case, denying his motion for arrest of judgment for insufficient evidence or new trial, or (b) failing to give his requested instructions.

RCW 9A.40.040 states: "A person is guilty of unlawful imprisonment if he knowingly restrains another person." "Restraint" is defined in RCW 9A.40.010 as:

restrict[ing] a person's movements without consent and without legal authority in a manner which interferes substantially with his liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, . . .

The defendant does not deny he restricted his victim's liberty without her consent and without legal authority. Rather, he contends that the State failed to establish that he had *substantially* interfered with her liberty.

Webster's Third International Dictionary 2280 (1966) defines "substantial" as:

(1) a: consisting of, relating to, sharing the nature of, or constituting substance: existing as or in substance: MATERIAL . . . b: not seeming or imaginary: not illusive: REAL, TRUE . . . c: being of moment: IMPORTANT, ESSENTIAL.

"Substantially" is defined as: "in a substantial manner: so as to be substantial."

As noted in *Smith v. Fort Dodge,* 160 N.W.2d 492, 498 (Iowa 1968), a zoning case:

It has also been said the word "substantial" is a relative and not exact term subject to a rule of thumb. It is susceptible of different meanings according to the circumstances of its use. In considering the word, it must be examined in its relation and context, and its meaning gauged by all the surrounding circumstances.

(Citations omitted.)

██ "Substantial" is here used as an adjective to mean a "real" or "material" interference with the liberty of another as contrasted with a petty annoyance, a slight inconvenience, or an imaginary conflict.[1] The fact that the legislature chose to make the restraint a felony is indicative of the serious nature of the act it contemplated when it inserted the word "substantial" in the definition of restraint. It intended more serious conduct than stopping someone on the street in a mistaken belief as to the person's identity or facetiously pushing an elevator button so as to take another

---

[1]*State v. Pahl,* 254 Minn. 349, 95 N.W.2d 85, 89 (1959)—eminent domain case; *Temple v. Mitchell,* 180 S.W.2d 959, 962 (Tex. Civ. App. 1944)—nuisance case.

occupant beyond the floor which he or she intended to go. Yet, unlawful imprisonment was to be a lesser offense than kidnapping as that crime is now defined, *i.e.,* by restraining someone in a secret place or use or threat of deadly force.

Defendant contends there must be either a delineation of a quantum of space or time attached to the definition of "substantial," else every detention will be substantial, or conversely, that substantial means nothing and becomes mere surplusage. He contends there must be ample—large—or considerable interference; surely more than a mere seizure and certainly more than a slight interference occasioned by a simple assault and battery.

We do not necessarily disagree, but find these facts indicate more than a simple interference by assault and battery. The defendant stopped his car, asked a young girl he didn't know if she wanted a ride. She refused. He then drove around the block, stopped, chased and grabbed her, attempting to pull her toward his car. We have no difficulty finding these facts sufficient upon which to submit to the jury the issue of whether this conduct was "in a manner which interferes substantially with [her] liberty."

The court properly refused defendant's proposed instructions.

Judgment affirmed.

GREEN, J., concurs.

ROE, J. (dissenting)—One is guilty of unlawful imprisonment who "knowingly restrains another person." RCW 9A.40.040. The statutory language at issue is as follows:

"Restrain" means to restrict a person's movements without consent and without legal authority in a manner which interferes *substantially* with [her or] his liberty.

(Italics mine.) RCW 9A.40.010(1). In this context "substantially" must have a broader meaning than "actual" or "real." Had the word been omitted from the definition of "restrain," the interference contemplated would still have

to be actual or real to constitute a felony. Penal statutes are construed strictly against the State, *State v. Thompson,* 38 Wn.2d 774, 779, 232 P.2d 87 (1951). To say that the interference need merely be real to constitute a felony fails to give effective credence to "the serious nature of the act" which the majority notes that the legislature contemplated when it defined "restrain"; instead, the qualifier is demoted to surplusage.

Just because one can imagine quite petty acts (*e.g.,* the prankster in the elevator) which this statute does not embrace does not mean that' everything more serious must be covered. Without attempting to say what precisely should have been charged against this defendant, it seems clear that the actual grabbing and attempted pulling which he did (as distinguished from the fact that he was unlawfully touching his victim) was not so important, in the entire context of his actions, to *define* the crime he was committing. The felony of unlawful imprisonment has a definite function as a lesser offense than second–degree kidnapping, but it requires something more than mere assault by gripping and pulling.

Neither case cited in the majority's footnote 1 supports its position; rather, both held that something quite considerable was within the meaning of "substantial." *State v. Pahl,* 254 Minn. 349, 95 N.W.2d 85 (1959), involved a taking of 18 1/2 percent of a building, which the State argued was not substantial. Since that part taken was the front 35 feet of the building, including the display room, office space, lunchroom, and "heating and plumbing components," leaving nothing but "bare warehousing," the taking was held substantial as a matter of law. *Temple v. Mitchell,* 180 S.W.2d 959 (Tex. Civ. App. 1944), found that a substantial nuisance existed, even without a physical invasion, because plaintiff's home was 2,700 feet downwind from a sewage treatment plant which emanated odors and sewer flies. In any event, such civil cases do not compel the majority's conclusion in this criminal case.

Let there be no mistake: the facts as stated would quite adequately support a conviction on some charge, but that is not a sufficient reason to affirm a conviction for the wrong crime. Accordingly, I respectfully dissent.

Reconsideration denied September 18, 1978.

Review granted by Supreme Court February 2, 1979.