[No. 45848. En Banc. July 19, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY M. ROBINSON, *Petitioner*.

358

*Richard L. Cease, Public Defender,* and *Richard F. Ayres, Jr., Assistant,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Terence M. Ryan, Deputy,* for respondent.

STAFFORD, J.—Defendant, Jerry M. Robinson, has petitioned for review of a Court of Appeals decision affirming a verdict of guilty. It should be noted that defendant's counsel on appeal did not try the case. We affirm the Court of Appeals.

The petition for review brings before us only two assignments of error. First, defendant contends the evidence was

not "sufficient to sustain a conviction of Unlawful Imprisonment as the crime is defined by RCW 9A.40.010". Second, defendant asserts the trial court erred in refusing to give four instructions proposed by defendant.

Considering the nature of the first assigned error, it is important to note the jury was instructed on the definition of "unlawful imprisonment." The instruction provided that the crime is committed when one knowingly restrains another by restricting that person's movements without consent and without legal authority in a manner which interferes substantially with that person's liberty. The restraint was said to be without consent if it is accomplished by physical force, intimidation or deception. This definition generally reflects the statutory language in RCW 9A.40.010 and .040.

We do not necessarily approve the instruction given or any part thereof. Under the circumstances of this case the appropriateness of the instruction is not at issue. Defendant took no exception to it or any other instruction given by the trial court. As a result, those instructions have become the law of the case. *State v. Reid,* 74 Wn.2d 250, 444 P.2d 155 (1968); *State v. Queen,* 73 Wn.2d 706, 440 P.2d 461 (1968); *State v. Jackson,* 1 Wn. App. 90, 459 P.2d 414 (1969). Thus, the first issue actually is whether the facts to be considered by this court are sufficient to sustain a conviction based upon the unchallenged instructions given.

The record discloses defendant moved, unsuccessfully, for dismissal at the conclusion of the State's case on the ground that there was insufficient evidence to sustain a conviction on the crime charged. Thereafter, defendant introduced no evidence and the matter was submitted to the jury on the above mentioned instructions. The jury returned a verdict of guilty.

In considering defendant's motion to dismiss we are governed by the long–standing rule that a challenge to the sufficiency of the evidence made at the conclusion of the State's case admits the truth of the State's evidence and all

inferences reasonably drawn therefrom. Further, the evidence must be interpreted most strongly against the defendant and in a light most favorable to the State. *State v. Uglem,* 68 Wn.2d 428, 432, 413 P.2d 643 (1966); *State v. Matlock,* 65 Wn.2d 107, 115, 396 P.2d 164 (1964); *State v. Lutes,* 38 Wn.2d 475, 230 P.2d 786 (1951).

In light of the foregoing, the evidence discloses that on the afternoon of September 22, 1976, a 15-year-old girl was walking home from school when an automobile pulled up beside her and defendant asked if she wanted a ride. She declined and defendant drove off.

One or two minutes later when she had reached a point approximately one and one-half blocks from her home the girl observed defendant approaching from the rear in his car. She began walking rapidly across a lawn to avoid him. Defendant slammed on his brakes, left the motor running and jumped from the car, leaving the door open. After chasing her a short distance he grabbed her by the arm, said "Do what I say or else" and began dragging her to the car. The grip on her arm was of sufficient intensity to cause a slight bruise. The incident came to an abrupt end when she kicked him and stepped on his toe with her platform sandals. He yelled in pain, released her, she escaped and ran home. The act of dragging her toward the car may have taken approximately 1 minute. While she was in his grasp she was frightened, did not want to get in the car, and felt she was not free to leave. After her escape she was observed to be nervous and upset. She had torn one of her nylons in the scuffle.

The first assignment of error is not well taken. The foregoing facts are sufficient to sustain a conviction based upon the court's unchallenged instructions.

Next, error is assigned to the trial court's refusal to give four instructions proposed by defendant. We have reviewed all four of the proposed instructions. The first is inaccurate, refers to elements of a crime not here involved, and contains limitations not found in the statute. The second and

third are not accurate, dealing with elements not required for a conviction of the crime charged. The fourth is both inaccurate and confusing.

Defendant contends the trial court had a duty to correct the proposed instructions in order to instruct the jury correctly. The contention is not well taken. The proposed instructions were neither concerned with matters of constitutional proportions nor were they of such a nature to be constitutionally required. Under such circumstances the trial court has no duty to rewrite incorrect or inaccurate statements of law contained in proposed instructions. If the instructions are incorrect in any material particular, which they were in the instant case, it is not error for the trial court to refuse them. *State v. Camp,* 67 Wn.2d 363, 407 P.2d 824 (1965); *State v. Lutes, supra.*

Error assigned to the trial court's refusal to give defendant's four proposed instructions must fail for another reason as well. The exception taken was "The Defendant . . . does except to the Court's denial of the defense's proposed instructions, as all of them have been denied by the Court." No further explanation was given. CrR 6.15 requires that the party taking exception to the giving of or refusal to give requested instructions offer reasons for the objection. An appellate court will not consider errors claimed in instructions given or refused unless the trial court has had an opportunity to pass upon the asserted errors and correct them. *State v. Jackson,* 70 Wn.2d 498, 424 P.2d 313 (1967). A mere exception to the refusal to give requested instructions, without more, does not constitute a sufficient statement of the grounds for objection. *State v. Myers,* 6 Wn. App. 557, 494 P.2d 1015, *cert. denied,* 409 U.S. 1061, 34 L. Ed. 2d 513, 93 S. Ct. 562 (1972).

The Court of Appeals is affirmed.

ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., and SODERLAND, J. Pro Tem., concur.

HICKS, J. (dissenting)—This case is an appeal from a decision of a divided Court of Appeals, Division Three. *State v. Robinson,* 20 Wn. App. 882, 582 P.2d 580 (1978). For the reasons set forth by Roe, J., dissenting in *Robinson* at 885–87, I dissent from the majority opinion herein.

UTTER, C.J., concurs with HICKS, J.