[No. 53914-6.   En Banc.   September 8, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES E. WORRELL, JR., *Appellant.*

*Mestel & Muenster,* by *John R. Muenster,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

In this case we consider the constitutionality of the kidnapping in the first degree statute under the due process void–for–vagueness doctrine and conclude that the statute is not unconstitutionally vague.

In late 1986, the defendant James E. Worrell, Jr., went to a construction site and forced John Bishop at gunpoint to leave the site with him. He took Bishop to the retail shop of the defendant's wife at a local shopping mall. As the defendant himself declared in his written statement on plea of guilty, he took him there "with the intent of either doing great bodily harm to him or causing severe emotional distress to him . . ."

At his wife's shop, the defendant held his wife, Bishop and another woman hostage for approximately 8 hours, using handcuffs and a gun to keep them there. Allegedly, Bishop and the defendant's wife were having an affair, and this precipitated the events in question. When a man who owned a neighboring shop attempted to help the hostages, the defendant fired two shots which frightened him off. The defendant also fired some shots into a wall, narrowly missing Bishop's head.

The hostages were eventually released. The defendant pleaded guilty to one count of kidnapping in the first degree and one count of assault in the second degree, as charged by amended information. The defendant, a former law enforcement officer, at his change of plea hearing was asked and answered as follows:

[THE COURT:] And did you know what you were doing was against the law at the time you did it; did you know these acts were unlawful; they were a crime?
[THE DEFENDANT:] Yes.

Thereupon the trial court accepted the defendant's guilty pleas and imposed a sentence within the standard range. Defendant obtained new counsel, who filed a notice of appeal. One principal issue is raised.

## ISSUE

Under Fourteenth Amendment due process doctrine, is the statutory definition of "restrain" (an essential element of the crime kidnapping in the first degree) unconstitutionally vague because it uses the phrases "without legal authority" and "interferes substantially with his liberty"?[1]

## DECISION

CONCLUSION. Washington's kidnapping in the first degree statute is not unconstitutionally vague. Case law, and the statutory definition of "restrain" as contained in RCW 9A.40.010(1), put a reasonable person on notice of what conduct is prohibited. The statute itself is also sufficiently detailed to prevent arbitrary arrests and convictions.

A person can be charged under RCW 9A.40.020 with kidnapping in the first degree if he or she "abducts" another person. "Abduct" is defined in RCW 9A.40.010(2) in terms of "restrain"; "restrain", in turn, is defined in RCW 9A.40.010(1) in pertinent part as follows:

> (1) "Restrain" means to restrict a person's movements without consent and *without legal authority* in a manner which *interferes substantially with his liberty.*

---

[1]The defendant also claims the kidnapping statute is unconstitutional under article 1, sections 3 and 7 of the state constitution, but fails to use or even mention the interpretive principles set forth in *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808 (1986). No violation of our state constitution is apparent; in any event, argument in this regard being insufficient we decline to further consider the claimed state constitutional issues. *State v. Wethered,* 110 Wn.2d 466, 472, 755 P.2d 797 (1988).

(Italics ours.) It is the defendant's assertion that the presence of the italicized phrases in this statute render it void for vagueness under the due process clause of the fourteenth amendment to the United States Constitution.

Under the Fourteenth Amendment, a statute is void for vagueness if its terms are "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Myrick v. Board of Pierce Cy. Comm'rs*, 102 Wn.2d 698, 707, 677 P.2d 140, 687 P.2d 1152 (1984).[2] The test for vagueness rests on two important considerations: adequate notice to citizens and adequate standards to prevent arbitrary enforcement.[3]

As we recently stated:

In a constitutional challenge a statute is presumed constitutional unless its unconstitutionality appears beyond a reasonable doubt. *Seattle v. Shepherd*, 93 Wn.2d 861, 865, 613 P.2d 1158 (1980); [*State v.*] *Maciolek*, [101 Wn.2d 259] at 263 [676 P.2d 996 (1984)]. In a facial challenge, as here, we look to the face of the enactment to determine whether any conviction based thereon could be upheld. *Shepherd*, at 865. A statute is not facially vague if it is susceptible to a constitutional interpretation. *State v. Miller*, 103 Wn.2d 792, 794, 698 P.2d 554 (1985). The burden of proving impermissible vagueness is on the party challenging the statute's constitutionality. *Shepherd*, at 865. Impossible standards of specificity are not required. *Hi–Starr, Inc. v. Liquor Control Bd.*, 106 Wn.2d 455, 465, 722 P.2d 808 (1986).

*State v. Aver*, 109 Wn.2d 303, 306–07, 745 P.2d 479 (1987).[4]

This is a facial challenge to the constitutionality of the statute, rather than a challenge to the statute as applied to

---

[2]*Accord, State v. Aver*, 109 Wn.2d 303, 306, 745 P.2d 479 (1987).

[3]*State v. Maciolek*, 101 Wn.2d 259, 264, 676 P.2d 996 (1984); *State v. Hilt*, 99 Wn.2d 452, 454, 662 P.2d 52 (1983); *Bellevue v. Miller*, 85 Wn.2d 539, 543–44, 536 P.2d 603 (1975).

[4]*See also Seattle v. Eze*, 111 Wn.2d 22, 26–67, 759 P.2d 366 (1988); *State v. Smith*, 111 Wn.2d 1, 4–5, 759 P.2d 372 (1988).

the defendant. While the defendant presents his arguments without reference to the facts of the case, the State correctly argues that the facts should be considered. Although in the past this court once held that the factual setting of a case is irrelevant where the entire statute is challenged as vague,[5] that approach has been modified by the United States Supreme Court and by more recent Washington case law.

In 1975 the United States Supreme Court held, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975). In a yet later void–for–vagueness case, that Court also declared:

> The court should . . . examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

(Footnote omitted.) *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied,* 456 U.S. 950 (1982).[6]

---

[5]*Bellevue v. Miller, supra* at 541; *accord, Seattle v. Shepherd,* 93 Wn.2d 861, 865, 613 P.2d 1158 (1980).

[6]*See also Parker v. Levy,* 417 U.S. 733, 756, 41 L. Ed. 2d 439, 94 S. Ct. 2547 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); *State v. Smith, supra* at 10; *but see Kolender v. Lawson,* 461 U.S. 352, 358 n.8, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983) (implying the rule in *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied,* 456 U.S. 950 (1982) applies only to the context of notice, and not to the arbitrary enforcement context).

The defendant makes no claim that the statute in question (RCW 9A.40.010(1)) implicates constitutionally protected conduct. Here, we do not perceive that any reasonable person could disagree that the defendant's actions with respect to John Bishop were "without legal authority" and accomplished in a manner "which interferes substantially with his liberty". The defendant admitted as much when he pleaded guilty. The defendant's conduct was thus "clearly proscribed" and his facial vagueness challenge fails.[7] By his own version of the facts, defendant has failed to show that the enactment is impermissibly vague in all its applications.

Were we to examine the defendant's challenge to the statute's constitutionality without considering the facts of this case, the challenge would still fail. The defendant relies on a number of cases that voided statutes containing language similar to the "without legal authority" phrase that is here challenged.[8]

█ In recent cases we have upheld statutes containing some version of the word "lawful",[9] and in so doing have made it clear that we will not indiscriminately void any statute for vagueness simply because it uses the word "lawful" or "legal". The context of the language, of course, plays

---

[7]See also State v. O'Neill, 103 Wn.2d 853, 858–60, 700 P.2d 711 (1985) (statute is not vague where person's conduct falls within the "hard core" of proscribed conduct).

[8]See Bellevue v. Miller, supra ("unlawful purpose" in wandering and prowling ordinance); Seattle v. Rice, 93 Wn.2d 728, 612 P.2d 792 (1980) ("lawful order" in trespass ordinance); State v. White, 97 Wn.2d 92, 640 P.2d 1061 (1982) ("without lawful excuse" in "stop and identify" statute); State v. Hilt, 99 Wn.2d 452, 662 P.2d 52 (1983) ("without lawful excuse" in bail jumping statute); State v. Richmond, 102 Wn.2d 242, 683 P.2d 1093 (1984) ("without lawful excuse" in child support statute).

[9]See State v. Miller, 103 Wn.2d 792, 698 P.2d 554 (1985) ("lawful" arrest or detention in third degree assault statute); State v. Aver, supra (obstructing a "lawfully operated" train in railroad statute).

a key role.[10] *State v. Smith,* 111 Wn.2d 1, 759 P.2d 372 (1988) is in point. In that case, we held that the phrase "without lawful authority" in the harassment statute (RCW 9A.46.020) did not render the statute void for vagueness, either for failure to give adequate notice of the conduct it proscribes or for failing to provide minimal guidelines for enforcement.[11]

 ██ In an effort to demonstrate a notice problem in the term "without legal authority" in this case, the defendant offers hypothetical examples of situations in which legal authority to restrain is, to his view, unclear. Such situations, however, can exist under a statute without mandating that the statute be stricken for vagueness. As we held in *Smith,* at 10, "we will not void a legislative enactment merely because all of its possible applications cannot be specifically anticipated." The defendant further argues that the phrase requires a legal conclusion and unreasonably forces citizens to search through statutes, administrative regulations, and court decisions in order to obtain notice of proscribed conduct.[12] In *Smith,* however, this court contemplates the same "search" about which the defendant here complains:

> People of common intelligence need not always guess at what a statute means by "lawful". Presumptively available to all citizens are the statements of law contained in statutes and in court rulings. Our cases make clear the important relevance of statutory and common law to the meaning of the concept of "lawfulness" as used in legislative enactments.

*Smith,* at 7.

Here, as in *Smith,* persons of ordinary intelligence are able to read the statutory definition of "restrain" (RCW 9A.40.010(1)) and determine what types of activity are

---

[10]*Smith,* at 6.

[11]*Smith,* at 11–12.

[12]*See State v. Dougall,* 89 Wn.2d 118, 570 P.2d 135 (1977).

being proscribed. As further guidance, if necessary, resort can be had to cases interpreting the statute.[13] The defendant's argument that the statute fails to provide notice to citizens of proscribed conduct is unconvincing.

■■ Also unconvincing is the defendant's argument that the statute is unconstitutional because it permits arbitrary arrests and convictions. As the defendant's argument goes, the statute gives the police unbridled discretion to arrest on an *ad hoc* basis when they believe the citizen's actions were without "legal authority". The statute, however, provides more than the minimal guidelines required to guide law enforcement. The terms are not inherently subjective in the context in which they are used. As we recently observed,

> The mere fact that a person's conduct must be subjectively evaluated by a police officer to determine if that person has violated a statute does not make that statute unconstitutionally vague. If this were so, most criminal statutes would be void for vagueness. What is forbidden by the due process clause are criminal statutes that contain no standards and allow police officers, judge, and jury to subjectively decide what conduct the statute proscribes or what conduct will comply with a statute in any given case.

*State v. Maciolek,* 101 Wn.2d 259, 267, 676 P.2d 996 (1984).

In addition to arguing that the phrase "without legal authority" is unconstitutionally vague, the defendant also asserts that the statute is void for vagueness because of the Legislature's inclusion of the phrase "interferes substantially with his liberty". As the State points out, this phrase lends itself to a commonsense interpretation. Furthermore, the phrase has been interpreted in case law, providing additional guidance as to its meaning.[14]

---

[13]*See State v. LaCaze,* 95 Wn.2d 760, 630 P.2d 436 (1981); *State v. Parker,* 97 Wn.2d 737, 649 P.2d 637 (1982); *State v. Tuitasi,* 46 Wn. App. 206, 729 P.2d 75 (1986).

[14]*See State v. Robinson,* 20 Wn. App. 882, 582 P.2d 580 (1978), *aff'd,* 92 Wn.2d 357, 597 P.2d 892 (1979).

The statute in question (RCW 9A.40.010(11)) being susceptible of a constitutional interpretation, we conclude that it is not facially vague.[15] The defendant has not met his burden of showing the statute's unconstitutionality beyond a reasonable doubt.[16]

Affirmed.

BRACHTENBACH, DOLLIVER, DORE, CALLOW, and DURHAM, JJ., concur.

PEARSON, C.J. (concurring)—I agree with the majority's result and with the rationale that although a statute (so long as it does not involve First Amendment rights) may be potentially vague as to some conduct, it nevertheless may be constitutionally applied to one whose acts clearly fall within the statute's "hard core". *See, e.g., State v. Maciolek,* 101 Wn.2d 259, 676 P.2d 996 (1984); *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979). However, I write separately to make clear that I continue to adhere to my concurrence in Justice Utter's dissent in *State v. Smith,* 111 Wn.2d 1, 759 P.2d 372 (1988).

UTTER, J. (concurring)—I disagree with the majority's interpretation of the United States Supreme Court's decisions as precluding challenges to criminal statutes as facially vague unless they involve First Amendment freedoms and with its determination that the language of RCW 9A.40.010(1) is not vague. However, I concur in the result reached by the majority.

Because this court is considering Worrell's challenge only under the fourteenth amendment to the United States Constitution, footnote 1, we are bound by the United States Supreme Court's holdings regarding when a statute may be challenged as facially vague. The Court's latest statement

---

[15]*See State v. Miller, supra* at 794.

[16]*See State v. Auer,* 109 Wn.2d 303, 306–07, 745 P.2d 479 (1987); *Shepherd,* at 865–66.

on this issue is *Kolender v. Lawson,* 461 U.S. 352, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983), the relevant portions of which merit quotation:

> In his dissent, Justice White claims that "[t]he upshot of our cases . . . is that whether or not a statute purports to regulate constitutionally protected conduct, it should not be held unconstitutionally vague on its face unless it is vague in all of its possible applications." . . . The description of our holdings is inaccurate in several respects. First, it neglects the fact that we permit a facial challenge if a law reaches "a substantial amount of constitutionally protected conduct." *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.,* 455 U. S. 489, 494 (1982). Second, where a statute imposes criminal penalties, the standard of certainty is higher. See *Winters* v. *New York,* 333 U. S. 507, 515 (1948). This concern has, at times, led us to invalidate a criminal statute on its face even when it could conceivably have had some valid application. See, *e. g., Colautti* v. *Franklin,* 439 U. S. 379, 394–401 (1979); *Lanzetta* v. *New Jersey,* 306 U. S. 451 (1939). . . .
>
> No authority cited by the dissent supports its argument about facial challenges in the arbitrary enforcement context. . . .

*Kolender,* at 358 n.8.

Contrary to the Court's statement in *United States v. Mazurie,* 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975), quoted by the majority, at 541, it now appears that facial challenges to criminal statutes are allowed in specific types of criminal cases other than First Amendment cases. As the Court noted in *Colautti v. Franklin,* 439 U.S. 379, 395, 58 L. Ed. 2d 596, 99 S. Ct. 675 (1979), cited in *Kolender,* at 358 n.8: "This Court has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of *mens rea*." In *Colautti,* the Court found unconstitutionally vague on its face a statute subjecting physicians to criminal liability without regard to fault for failing to abide by a standard of care where a fetus "may be viable". In *Lanzetta v. New Jersey,* 306 U.S. 451, 83 L. Ed. 888, 59

S. Ct. 618 (1939), cited in *Kolender,* at 358 n.8, the Court found unconstitutionally vague on its face a statute criminalizing membership in a "gang". Finally, in *Kolender,* the Court found unconstitutionally vague on its face a statute that required an individual to provide "credible and reliable" identification when requested by a police officer with reasonable suspicion of criminal activity.

Although the Court has not spelled out exactly when it will consider facial challenges that do not involve First Amendment or other fundamental rights, from *Kolender* and the cases cited therein we may infer that such challenges will be considered if: (1) the statute criminalizes behavior that would not normally be considered criminal with no requirement of mens rea *(Kolender; Colautti)*; (2) the statute invites an inordinate amount of police discretion, to the point of allowing police to selectively enforce the statute at their "whim" *(Kolender)*; or (3) the statute's vagueness is truly egregious *(Lanzetta)*.

The statute at issue in this case, RCW 9A.40.020, does not implicate any of the foregoing concerns, nor does it tend to chill rights protected by the First Amendment. I therefore agree with the majority that we not consider a challenge to the statute as unconstitutionally vague on its face under the Fourteenth Amendment. Worrell does not challenge the statute's vagueness as it applies to the facts of his case.

Having concluded that there may be no facial challenge to RCW 9A.40.010, the majority's discussion as to the vagueness of the words "without legal authority" in that statute is unnecessary, and in my opinion erroneous. I have previously excepted to this court's apparent reversal of a line of cases that, until recently, consistently found unconstitutionally vague language such as the "legal authority" language of RCW 9A.40.010(1) with no guidance in a statute or the common law on the meaning of that term. *See State v. Smith,* 111 Wn.2d 1, 16, 759 P.2d 372 (1988) (Utter, J., dissenting); *State v. Aver,* 109 Wn.2d 303, 312, 745 P.2d 479 (1987) (Utter, J., dissenting). For the reasons

I stated in those cases, and because a resolution of that issue is not necessary to the disposition of this case, I concur in the majority's result, but not in all of its analysis.