(31 P.3d 323)

No. 85,729

STATE OF KANSAS, *Appellee*, v. ANTWON L. TIMMS, *Appellant*.

Opinion filed September 14, 2001.

*Kathleen Downey Ambrosio,* of John J. Ambrosio, Chartered, of Topeka, for the appellant.

*Deborah L. Hughes,* assistant district attorney, *Robert D. Hecht,* district attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before ELLIOTT, P.J., JOHNSON, J., and BRAZIL, S.J.

BRAZIL, J.: Antwon Timms appeals from his misdemeanor conviction of criminal restraint following a trial to the court.

We affirm.

Timms' attack on his conviction is essentially two-fold. First, he claims that as a matter of law, the State's evidence failed to rise to the level to constitute criminal restraint as defined in K.S.A. 21-3424(a). Secondly, Timms contends that the victim's testimony was so inconsistent that it was insufficient to prove his guilt beyond a reasonable doubt. Because these issues require consideration under different standards of review, they will be addressed separately.

The victim, P.B., testified that Timms was the father of her child, who was 5 months old at the time of the incident. The alleged crime occurred when Timms spent the night at P.B.'s house in order to spend time with his son. That evening, she and Timms were talking about P.B.'s income tax refund and Timms asked for some money; she refused.

The next morning, Timms asked P.B. for $1,000. P.B. refused and asked Timms to leave. Timms then asked whether he could "get some" before he left, referring to sex. P.B. refused. As they were sitting and talking, Timms tried to pull down P.B.'s pants. As she moved to get away from him, she fell to the floor and he fell on top of her. She was on her back and he was straddled over her. She told him she needed to get her son, and he told her she was stingy with her money. She screamed at him to get off of her and, at one point, he put his hand over her mouth. Eventually, Timms got off of P.B. after she talked about taking the trash out. She got up and took the trash outside; she then went around the corner and called police. She testified that she was on her back less than a minute.

Timms also testified on his own behalf. He testified that at the time of the incident, he was living with P.B. He stated they got into an argument that morning because she was "being disrespectful" to him by stressing he should get a job. Timms admitted asking P.B. for $1,000. Timms denied, however, that P.B. ever ended up on the floor or that he had touched her. He testified that when he talked about leaving her, P.B. swung a broom at him. She then picked up the trash and left. He left the house because he thought

P.B. was calling her father or brothers, who had attacked him in the past.

Timms first contends, accepting all the State's evidence as true, his alleged conduct failed to satisfy the statutory elements of criminal restraint as provided in K.S.A. 21-3424(a). Specifically, Timms argues his conduct was not sufficient to "interfere substantially" with P.B.'s liberty. Timms' argument calls for interpretation of the applicable statute and is therefore subject to unlimited appellate review. See *State v. Golston*, 269 Kan. 345, 347, 7 P.3d 1132 (2000).

The criminal restraint statute provides, in relevant part: "Criminal restraint is knowingly and without legal authority restraining another person *so as to interfere substantially with such person's liberty.*" (Emphasis added.) K.S.A. 21-3424(a). Criminal restraint is a class A person misdemeanor. K.S.A. 21-3424(c).

Based on our research, we agree with both parties that there are no published appellate cases in Kansas defining the term "substantially" in the criminal restraint statute.

In *State v. Robinson*, 20 Wash. App. 882, 582 P.2d 580 (1978), *aff'd* 92 Wash. 2d 357, 597 P.2d 892 (1979), the defendant appealed his conviction of unlawful imprisonment. Under Washington law, unlawful imprisonment required knowingly restricting a person's movements without their consent "in a manner which interferes substantially with his liberty." 20 Wash. App. at 883-84. The evidence at trial alleged the defendant pulled up along a high school student walking home and asked if she wanted a ride. He apparently went around the block and pulled up to the student again. The defendant jumped out of his car, chased the girl, grabbed her arm, and attempted to pull her toward his car. He reportedly said, "[D]o what I say or else." 20 Wash. App. at 883. The girl fought back, was quickly released, and ran away. The restraint lasted approximately 1 minute.

In deciding the defendant's conduct amounted to "unlawful imprisonment," the intermediate appellate court stated:

" 'Substantial' is here used as an adjective to mean a 'real' or 'material' interference with the liberty of another as contrasted with a petty annoyance, a slight inconvenience, or an imaginary conflict. . . . It intended more serious conduct

than stopping someone on the street in a mistaken belief as to the person's identity or facetiously pushing an elevator button so as to take another occupant beyond the floor which he or she intended to go. Yet, unlawful imprisonment was to be a lesser offense than kidnapping as that crime is now defined." 20 Wash. App. at 884-85.

While the court did not specifically reject the defendant's contention that a specific quantum of time or distance must be attached to the term "substantial," it concluded, based on the circumstances of the case, that the statute had been satisfied.

Several other courts have issued similar opinions. In *State v. Abel*, 939 S.W.2d 539 (Mo. App. 1997), the defendant's conviction for felonious restraint was upheld where the defendant argued that the restraint was so brief there could not have been "substantial" interference with the victim's liberty. In that case, the defendant entered the victim's parked car holding a knife and grabbed the victim's arm. The victim screamed and struggled out of the defendant's grasp and escaped out of the car. In *Sammons v. State*, 397 N.E.2d 289, 293-94 (Ind. App. 1979), the court upheld the defendant's conviction of unlawful confinement (requiring a substantial interference with the liberty of another without consent) where the defendant forced himself into the victim's car and struggled with her briefly before leaving. In *Cook v. State*, 284 Ark. 333, 681 S.W.2d 378 (1984), the court found that the defendant substantially interfered with the victim's liberty despite the short duration of the events. The defendant forced the victim into her car and demanded a ride out of town. She refused, and he struck her several times and discharged a firearm. After 10-15 minutes, he got out of the car and left.

To determine the intent of the Kansas Legislature when enacting the criminal restraint statute, we have compared the misdemeanor offense of criminal restraint with the felony offense of kidnapping. Ordinarily, criminal restraint is a lesser included offense of kidnapping. *State v. Little*, 26 Kan. App. 2d 713, 717, 994 P.2d 645 (1999), *rev. denied* 269 Kan. 938 (2000); see *State v. Lile*, 237 Kan. 210, 213, 699 P.2d 456 (1985). When there is a factual question as to whether a defendant had the specific intent required to prove

kidnapping, an instruction on criminal restraint is warranted. See *State v. Carter*, 232 Kan. 124, 126, 652 P.2d 694 (1982).

In interpreting the kidnapping statute, the appellate courts have repeatedly held that the kidnapping statute required " 'no particular distance of removal, nor any particular time or place of confinement.' " *State v. Higgenbotham*, 264 Kan. 593, 607, 957 P.2d 416 (1998) (quoting *State v. Buggs*, 219 Kan. 203, Syl. ¶ 7, 547 P.2d 720 [1976]). See 1 Am. Jur. 2d, Abduction and Kidnapping § 22. The Kansas Supreme Court has upheld kidnapping convictions where the defendant allegedly forced the victims to walk from inside a building to the defendant's vehicle, but the victims then escaped. See *State v. Smith*, 232 Kan. 284, 289-90, 654 P.2d 929 (1982) (defendant forced woman from her second floor bedroom to defendant's automobile from which victim then escaped); *State v. Mahlandt*, 231 Kan. 665, 670-71, 647 P.2d 1307 (1982) (defendant forced clerk from store and into a car, at which time she escaped, held to constitute kidnapping not attempted kidnapping).

The key difference between kidnapping and criminal restraint is that kidnapping requires specific intent and criminal restraint does not. Accordingly, it is reasonable that the kidnapping standard that no particular distance of removal or any particular time of confinement is required should also apply to criminal restraint.

Considering the facts in this case in a light most favorable to the State, Timms straddled P.B. for less than a minute after she fell on the floor. Just before and/or during the restraint, Timms was demanding money and sex. P.B. demanded and eventually screamed for Timms to release her; he covered her mouth at least once when she screamed. He finally allowed her up after several requests.

The facts of this case rise to the same level as the facts in the cases cited above. Still, most of those cases involved felony charges rather than a misdemeanor offense. This case involved more than just grabbing someone's arm and delaying them or blocking someone's path to prevent them from leaving. Based on P.B.'s testimony, it was not simply horseplay or friendly wrestling. Here, the restraint involved demands for money and/or sex.

Under the circumstances, whether there was substantial interference should be determined by the factfinder based upon all the circumstances presented. *Cf. State v. Whitaker*, 260 Kan. 85, 94, 917 P.2d 859 (1996); *Doolin v. State*, 24 Kan. App. 2d 500, 947 P.2d 454 (1997) (both holding whether great bodily harm has occurred for purposes of aggravated battery is a question of fact). Based upon the record, we conclude there was sufficient evidence to present a question to the factfinder as to whether there was sufficient interference to constitute criminal restraint.

Timms also contends the State failed to prove him guilty beyond a reasonable doubt. He argues P.B.'s testimony was so inconsistent that no reasonable factfinder would believe her testimony.

When the sufficiency of the evidence is challenged in a criminal appeal, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Hedges*, 269 Kan. 895, 904, 8 P.3d 1259 (2000). It is the function of the factfinder at trial to determine the weight and credibility of witnesses. On appeal, the appellate court will not pass upon the credibility of witnesses and will not reweigh conflicting evidence. *State v. Whitesell*, 270 Kan. 259, 275, 13 P.3d 887 (2000).

In challenging P.B.'s credibility, Timms focuses on the discrepancies between P.B.'s statements to police and at trial. The only significant difference was that P.B. told police Timms released her after she repeated she needed to take care of their infant. At trial, P.B. testified Timms released her after she told him she needed to take out the trash. In every other respect, P.B.'s testimony at trial was consistent with her statement to police.

In this respect, Timms is simply asking this court to reweigh the credibility of the victim. The trial court had the opportunity to observe P.B.'s and Timms' demeanor during the trial and chose to believe P.B. From the transcript, P.B.'s testimony was not so incredible as to warrant this court overturning Timms' conviction. *Cf. State v. Matlock*, 233 Kan. 1, 4, 660 P.2d 945 (1983) (finding the uncorroborated testimony of the victim was so unbelievable

that it was not sufficient to sustain the conviction of the defendant for rape).

In this case, defense counsel argued in closing argument that there was not substantial interference with P.B.'s liberty. Moreover, the trial judge, as the factfinder, considered all the elements of criminal restraint as provided in P.I.K. Crim. 3d 56.28. There was substantial competent evidence to support the trial court's ruling.

Affirmed.