No. 52,671

STATE OF KANSAS, *Appellee,* v. MARK E. JOHNSON and ORLANDO UNDERWOOD, *Appellants.*

(634 P.2d 1095)

Opinion filed October 23, 1981.

*Martha R. Hodges,* of Wichita, argued the cause and was on the brief for appellant Mark E. Johnson.

*Leonard F. Watkins, Jr.,* of Wichita, argued the cause and was on the brief for appellant Orlando Underwood.

*Judy Fowler,* legal intern, argued the cause and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney and *Beverly Dempsey,* assistant district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action wherein Mark Johnson and Orlando Underwood were convicted, by a jury, of aggravated robbery (K.S.A. 21-3427). The defendants were arrested on May 28, 1980, a short distance from the convenience store they were later accused of robbing. The original information alleged that on the 28th day of May, 1980, the defendants "did then and there unlawfully, willfully, take the property, to-wit: United States Monies from the person of and in the presence of another, to-wit: Richard Koonce by threat of bodily harm to the person of Richard Koonce, while the said Mark E. Johnson and Orlando (N) Underwood were armed with a dangerous weapon, to-wit: a handgun . . . ."

On June 24, 1980, appellants were given a preliminary hearing and bound over for arraignment and trial. Thereafter on July 7, 1980, Underwood filed a motion for a Bill of Particulars pursuant to K.S.A. 1980 Supp. 22-3201(5). He sought the exact time and place of the robbery. At the hearing on the motion, the State provided the information Underwood requested by declaring for the record "the events occurred at 840 S. Oliver on the 28th day of May, 1980. . . . between 12:31 and 12:33," but opposed the

motion. Judge Fry denied the motion but ordered the State to file an amended information containing the requested information. The State complied with the order in all respects except it inadvertently failed to file the amended information.

When the case went to trial September 2, 1980, the trial judge, Nicholas W. Klein, knew nothing about the previous judge's action on the motion for a Bill of Particulars. He read the original information to the jury in the presence of all parties and counsel. There were no objections. The case was tried on the original information and instructions given thereon. Johnson requested an instruction on simple robbery and circumstantial evidence and objected to an instruction on reasonable doubt. There were no other objections to the instructions. Johnson's request was denied and his objection overruled.

The jury returned a verdict of guilty on September 4, 1980. After the trial, but before sentencing, Judge Klein discovered the unfiled amended information and apprised the defendants of it. They immediately filed motions for a new trial, judgments n.o.v. and dismissal. The motions were overruled and this appeal followed.

The first issue on appeal pertains only to Johnson; Underwood made no contemporaneous objection to instructions. Johnson argues the trial court committed reversible error in refusing to instruct the jury on simple robbery and circumstantial evidence, and in giving an instruction on reasonable doubt.

Let us first discuss appellant's arguments pertaining to the lesser included offense of simple robbery. This issue is controlled by K.S.A. 21-3107(3), which states:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

In *State v. Prince,* 227 Kan. 137, 140, 605 P.2d 563 (1980), it was held:

"The court is required to instruct on a lesser included crime only when there is evidence under which a defendant might have reasonably been convicted of the lesser crime. [Citation omitted.] The test for the giving of a lesser included instruction is not whether any theory arises under which a person could be found guilty or innocent, but whether there is sufficient evidence to support the giving of an instruction on the lesser charge."

Under K.S.A. 21-3427, aggravated robbery is defined as "a robbery committed by a person who is armed with a dangerous weapon or who inflicts harm upon any person in the course of such robbery." In the present case the evidence is uncontroverted: the robbery was accomplished with a gun. Moreover, pursuant to K.S.A. 21-3205, the aiding and abetting statute, it is not necessary for both defendants to possess a gun to justify both being convicted of aggravated robbery. Proper instructions on aggravated robbery and aiding and abetting were given. Defendants were guilty of aggravated robbery or nothing.

Johnson objected to the giving of a separate instruction on reasonable doubt. The trial court gave the following separate instruction on reasonable doubt:

"As you have been instructed, before you can find the defendants guilty of any offense, you must be satisfied of their guilt beyond a reasonable doubt. Stated another way, if you have a reasonable doubt as to the existence of any of the elements of the offense, you must acquit the defendants.

"By requiring the State to prove their case beyond a reasonable doubt is not meant that they are required to prove the case to a mathematical or scientific certainty. Few, if any, things in affairs of men are capable of such proof. All that is required is that the proof erase from the minds of the jury, any reasonable doubt as to the guilt of the defendants."

This court has repeatedly held that a separate instruction on reasonable doubt is not necessary. See, e.g., *State v. Costa,* 228 Kan. 308, 613 P.2d 1359 (1980); *State v. Taylor,* 212 Kan. 780, 512 P.2d 449 (1973); *State v. Davis,* 48 Kan. 1, 28 Pac. 1092 (1892). It has also been held that giving such an instruction in itself is not error. In *State v. Ponds and Garrett,* 218 Kan. 416, 422, 543 P.2d 967 (1975), the court stated that an instruction attempting to define reasonable doubt will not be considered prejudicial if it is "not an erroneous statement of law which would mislead the jury." The instruction given here is clearly a correct statement of the law and there is no evidence the jury was misled. The instruction given by the trial judge is identical to the one approved in *State v. Ponds and Garrett.*

With regard to Johnson's request for an instruction on circumstantial evidence, *State v. Wilkins,* 215 Kan. 145, 156, 523 P.2d 728 (1974), held no special circumstantial evidence instruction was required. Speaking for the court, Justice Fromme stated: "The probative values of direct and circumstantial evidence are

intrinsically similar and there is no logically sound reason for drawing a distinction as to the weight to be assigned to each." This rule has been restated often. See *State v. Costa,* 228 Kan. 308; *State v. Peoples,* 227 Kan. 127, 135, 605 P.2d 135 (1980); *State v. Aldershof,* 220 Kan. 798, 805, 556 P.2d 371 (1976). The trial court did not err in refusing to instruct on circumstantial evidence.

Underwood next maintains the trial court erred in refusing to grant him a preliminary hearing and arraignment on the amended information and in refusing to grant appellants' request for a new trial, judgment n.o.v. or dismissal. We will consider these issues together since they all arise from the failure to file the amended information.

Appellants claim the defendants were tried on a nonexistent information. They argue the order to amend vitiated the original information and the amended information never formally existed since it was not filed in the case. In the alternative, they contend if the original information is considered to be amended, they are entitled to a new preliminary hearing on the amended information.

Appellants rely heavily on two Florida cases, *Pepperel v. State,* 335 So.2d 872 (Fla. Dist. Ct. App. 1976) and *Wilcox v. State,* 248 So.2d 692 (Fla. Dist. Ct. App. 1971), for their claim that the original information was vitiated by the order to amend. Both cases held the trial court's order to amend voided the original information. The amendments in these cases, however, either charged new crimes or *were materially different from the original information.* This issue turns on whether the ordered amendment was formal or substantive.

Authorities support the notion that the effect of an amended information, whether filed or not, depends on whether the amendment is formal or substantive. If the amendment does not prejudice or surprise the defendant, courts will not order a new preliminary hearing. Recently, the Idaho Supreme Court dealt with an amended information which added one witness and supplemented the description of a heifer the defendant was accused of taking. In *State v. Owens,* 101 Idaho 632, 619 P.2d 787 (1980), the court held that since the defendant made no showing of prejudice his claim for a new preliminary hearing was without merit. Similarly, the California Supreme Court has held that rearraignment is not required where an amendment to charges

against a defendant relates only to minor changes, and thus does not prejudice the substantial rights of the defendant. *In re Mitchell,* 56 Cal.2d 667, 670, 16 Cal. Rptr. 281, 365 P.2d 177 (1961), *cert. denied* 368 U.S. 997 (1962).

Corpus Juris Secundum states several applicable general rules:

"Where accused has been accorded a preliminary examination on an information, as originally drawn, he is entitled to a further preliminary hearing on an amendment of the information only where it charges a separate and distinct offense, and not where the amendment is with respect to matters of form only, not affecting accused's substantive rights." 22 C.J.S., Criminal Law § 332b, pp. 849-50.

"An information which has been materially amended must be reverified, but reverification is unnecessary where the amendment is as to a mere matter of form." 42 C.J.S., Indictments and Informations § 86d, p. 952.

"An amendment cannot be relied on as error where it is immaterial and the legal effect of the information is not in any way changed     . . . ." 42 C.J.S., Indictments and Informations § 238, p. 1248.

Although the Kansas court has not ruled on the precise issue involved here, it is clear that whenever this court has dealt with an amended information, it has examined the problem of whether or not the amendment is substantive and thereby prejudicial to the defendant. In *State v. Fleeman,* 102 Kan. 670, 678, 171 Pac. 618 (1918), the court inspected an information which had been amended at trial by adding the words, "County attorney of Montgomery county, Kansas." Justice Burch, writing for the court, stated that this amendment was one of form, was obviously not prejudicial to the defendant and therefore reverification by the county attorney after amendment was wholly unnecessary.

*State v. Barger,* 148 Kan. 590, 595-96, 83 P.2d 648 (1938), involved a prosecution for obtaining money by false and fraudulent representation. The information had been amended, with leave of court, by interlineation of the words "by means of said false and fraudulent statements." The amended information was never reverified or refiled. The court held that the amendment "did not add to or take from the charge previously made," and was "surplusage." Therefore the trial court's refusal to quash the amended information was not error.

In *State v. Kladis,* 172 Kan. 38, 42, 238 P.2d 522 (1951), the defendant complained that the court permitted the county attorney to amend the information after the trial commenced without refiling. The Supreme Court upheld the trial judge, saying the amendment was merely as to form, did not change the issues, and the defendant was in no way prejudiced.

*State v. Handke,* 185 Kan. 38, 340 P.2d 877 (1959), dealt with the need for a new preliminary examination on an amended information. The court noted:

"[T]he principal purposes of a preliminary examination is to give a defendant reasonable notice as to the character of the alleged offense and to apprise him of the nature of the evidence he will be required to meet when he is prosecuted in the district court." p. 41.

In *State v. Bethea,* 196 Kan. 188, 191, 410 P.2d 272 (1966), the defendant was charged with kidnapping. At his arraignment, the information was orally amended by striking any references to infliction of bodily harm on the victim. The amended information was then read into the record and defendant pleaded to it. The court held that the subsequent filing of the amended information was unnecessary and "mere surplusage," noting that the defendant never objected to the amendment and was not misled by it.

Should the ordered amendment to the information in this case be considered formal or substantive? It neither added nor detracted from the original charge. The issues were not changed. The information on file met all constitutional and statutory requirements. It was not defective. The amendment would have provided only the hour of the day and street location of the alleged crime. No prejudice is shown to either defendant. At the preliminary hearing both defendants were made aware of the nature, date, location and approximate time of the alleged offense, together with the evidence they must meet. The prosecutor also stated the time and location of the alleged offense into the record in response to the motion for a Bill of Particulars. The State is bound by that statement. The State orally complied with Underwood's motion. The proposed amendment changed none of these elements. We hold the ordered amendment was formal and not substantive, resulting in no surprise or prejudice to defendants. They were therefore not entitled to another preliminary hearing and arraignment.

The original information upon which the case was tried without objection of the defendants, remains a valid information, unaffected by the order to file the purely formal amendment. There is no evidence of prejudice to defendants. This issue is without merit.

The judgment of the trial court is affirmed.