(71 P.3d 481)

No. 88,609

STATE OF KANSAS, *Appellee*, v. PAMELA JEAN JOHNSON, *Appellant*.

Opinion filed June 27, 2003.

*Kathryn B. Wall*, assistant appellate defender, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., KNUDSON, J., and LARSON, S.J.

RULON, C.J.: Defendant Pamela J. Johnson appeals her conviction of failure to affix a tax stamp for marijuana, alleging that the conviction is multiplicitous with possession of marijuana and that insufficient evidence supports the conviction. We affirm.

On December 4, 2000, Detective Jason Demars attempted to serve an arrest warrant on Jeremiah Johnson, who reportedly resided at 529 Glick Street in Chapman, Kansas.

As Demars walked to the front door, he glanced into a window and observed a tray of green vegetation under a light, and a brown-colored bong.

After Demars knocked on the door, a woman peered out, and the detective identified himself and asked to speak with her. The woman then left the door and removed the tray of green vegetation and a bong from the window.

Later, the woman opened the door. Demars asked to enter the residence, and the woman consented. Demars explained his purpose in visiting, but the woman informed him that Jeremiah Johnson no longer resided in Chapman. Upon inquiry by the detective, the woman informed him that her name was Pamela Johnson.

Demars then indicated that he had seen what he believed to be marijuana and advised the defendant of her *Miranda* rights. The defendant acknowledged that she understood her rights and she agreed to speak with the detective. When presented with the option of consenting to a search or waiting with an officer until the detective obtained a search warrant, the defendant went to the back bedroom, retrieved a brown paper bag, and handed it to the detective.

Inside the bag, there was a yellow tray with green vegetation residue on it, a plastic bag containing a significant amount of green vegetation, two metal rods with burned residue, and a piece of yellow notepaper which stated "Thank you," with a name at the bottom. The defendant also produced a bong.

At the time Demars collected the items, he did not observe any type of drug tax stamp, and the defendant did not indicate that she had paid the tax for the marijuana.

After documenting the evidence, the defendant asked if she was going to be in trouble. Demars advised the defendant that she was

under arrest for possession of marijuana and for possession of drug paraphernalia. Demars then asked whether the marijuana belonged to the defendant and she so affirmed. The defendant further volunteered that she had been smoking marijuana approximately 3 or 4 times a day for a couple of years to alleviate her arthritis pain.

After transporting the defendant to jail, Demars again spoke with her, advising her again of her *Miranda* rights and receiving a written waiver of those rights. The defendant admitted the marijuana belonged to her and that she was guilty of the possession charges.

Demars then called Detective Swisher to assist him in properly weighing the green vegetation and mailing it to the Kansas Bureau of Investigation (KBI) laboratory. According to the detectives' calculations, the bag of marijuana weighed 33.2 grams. The KBI laboratory also analyzed the vegetation, confirming it was marijuana.

The State charged the defendant with failure to affix a drug tax stamp, in violation of K.S.A. 79-5202 and K.S.A. 79-5208; possession of marijuana, in violation of K.S.A. 65-4162(a)(3); and possession of drug paraphernalia, in violation of K.S.A. 2000 Supp. 65-4152(a)(2).

The defendant entered a plea of guilty on counts 2 and 3 of the complaint but submitted to a bench trial on the felony count of failure to affix a drug tax stamp. After hearing the evidence submitted, the district court convicted the defendant of failure to affix a drug tax stamp. The district court later denied the defendant's motions for judgment of acquittal and for arrest of judgment.

Imposing an underlying prison sentence of 6 months for the conviction of failure to affix a drug tax stamp, the district court sentenced the defendant to probation for 12 months. The other sentences were ordered to run concurrent with the base conviction sentence.

## Multiplicity

The defendant contends that her conviction for failure to affix a drug tax stamp on her marijuana violates the prohibition against double jeopardy by effectively punishing her twice for the same offense, namely, possession of marijuana. This presents a question

of law over which we have unlimited review. See *State v. Vontress*, 266 Kan. 248, 255, 970 P.2d 42 (1998).

"The test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, the fact that both charges relate to and grow out of the same transaction does not preclude convictions and sentences for both charges. [Citation omitted.] Multiplicity does not depend upon whether the facts proved at trial are actually used to support conviction of both offenses charged; rather, it turns upon whether the elements of proof necessary to prove one crime are also necessary to prove the other. [Citation omitted.]" *Vontress*, 266 Kan. at 256.

The constitutional cornerstone of the multiplicity analysis is that a single offense may not serve as the basis for several prosecutions. See *State v. Robbins*, 272 Kan. 158, 171, 32 P.3d 171 (2001). A single offense may not be divided into parts to support convictions for a single wrongful act. However, crimes are not multiplicitous where each offense requires proof of a fact not required in proving the other or where the offenses are committed separately and severally at distinguishable times and/or places. See *Robbins*, 272 Kan. at 172.

Here, the defendant was convicted of possession of marijuana, in violation of K.S.A. 65-4162(a)(3), and failure to affix a drug tax stamp, in violation of K.S.A. 79-5202 and K.S.A. 79-5208. The conduct proscribed by K.S.A. 65-4162(a)(3) is possession of a hallucinogenic drug which includes marijuana. The conduct proscribed by K.S.A. 79-5208 is failure of a dealer of marijuana or controlled substances to attach evidence of payment of the drug tax. The statutes are not penalizing the same conduct.

"A violation of K.S.A. 79-5208 for possession of a controlled substance without affixing the appropriate stamps showing payment of the tax is a separate and distinct offense from possession of marijuana or a controlled substance and one is not an included offense of the other." *State v. Berberich*, 248 Kan. 854, 862, 811 P.2d 1192 (1991).

The defendant claims that *Berberich* should not control the resolution of this case because it was decided under a former statute, which employed the two-part analysis of *State v. Fike*, 243 Kan. 365, Syl. ¶ 1, 757 P.2d 724 (1988). As *Berberich* points out, the

*Fike* test was based upon the adoption of K.S.A. 21-3107. *Berberich*, 248 Kan. at 857. As originally promulgated, 21-3107 expanded the common-law test for lesser included offenses to require not only a comparison of the elements of closely related offenses, but also to require an analysis of the facts that must be proved for each offense. *Berberich*, 248 Kan. at 859-60.

The *Fike* test, therefore, was broader than the common-law test for determining whether an offense was a lesser included offense. In 1998, the legislature amended 21-3107(2) to eliminate the factual analysis prong of the *Fike* test and to return to the common-law test, requiring an analysis of the elements of the relevant offenses. If the *Berberich* court was convinced that possession of marijuana was not a lesser included offense of failure to affix a drug tax stamp under the broader *Fike* test, it is unlikely that our Supreme Court would decide the case differently under the more restrictive current statute.

Absent some indication that our Supreme Court would depart from its previous position if the case was decided again, this court is duty-bound to follow Supreme Court precedent. See *Mueller v. State*, 28 Kan. App. 2d 760, 763, 24 P.3d 149, *rev. denied* 271 Kan. 1037 (2001), *cert. denied* 535 U.S. 997 (2002).

The defendant's argument urging this court to depart from *Berberich* is not compelling. Although both offenses rely upon the factual finding of possession of a specified controlled substance, in this case marijuana, the offenses target separate and distinct conduct. K.S.A. 79-5208 does not penalize an individual for possessing an illegal substance but for failure to pay the required drug tax, evidenced by a drug tax stamp, label, or other indicia.

Consequently, the defendant's multiplicity challenge is without legal merit. The district court properly denied the defendant's motion for arrest of judgment.

## Sufficiency of Evidence

Next, the defendant contends the prosecution failed to adduce sufficient evidence for a rational factfinder to find beyond a reasonable doubt that the defendant had violated K.S.A. 79-5208.

When the sufficiency of the evidence is challenged in a criminal case, an appellate court reviews the entire record, viewed in a light most favorable to the prosecution, to determine whether a rational factfinder could have concluded that the defendant was guilty beyond a reasonable doubt. See *State v. Zabrinas*, 271 Kan. 422, 441-42, 24 P.3d 77 (2001). In doing so, this court does not reweigh the evidence or determine the credibility of the witnesses. See *State v. Timms*, 29 Kan. App. 2d 770, 775, 31 P.3d 323 (2001) (citing *State v. Whitesell*, 270 Kan. 259, 275, 13 P.3d 887 [2000]).

K.S.A. 79-5208 provides:

"Any dealer violating this act is subject to a penalty of 100% of the tax in addition to the tax imposed by K.S.A. 79-5202 and amendments thereto. In addition to the tax penalty imposed, a dealer distributing or possessing marijuana or controlled substances without affixing the appropriate stamps, labels or other indicia is guilty of a severity level 10 felony."

A "dealer" is legislatively defined as:

"any person who, in violation of Kansas law, manufactures, produces, ships, transports or imports into Kansas or in any manner acquires or possesses more than 28 grams of marijuana, or more than one gram of any controlled substance, or 10 or more dosage units of any controlled substance which is not sold by weight." K.S.A. 79-5201(c).

Here, the defendant admitted that the vegetation was marijuana. A subsequent laboratory test of a random sample taken from different parts of the baggy confirmed that the green, leafy vegetation was marijuana.

Drawing a reasonable inference from this evidence, a rational person could easily find that the confiscated baggy contained nothing more than marijuana. Despite the defendant's apparent argument to the contrary, the State is not required to prove an element of a crime to an infallible degree of mathematical certainty. Instead, the State must prove every element of the crime beyond a reasonable doubt. See *State v. Johnson & Underwood*, 230 Kan. 309, 311, 634 P.2d 1095 (1981) (holding that a jury instruction which declared that reasonable doubt did not require proof to a mathematical or scientific certainty, was not legally erroneous or misleading to the jury). Based upon the facts presented in this case,

there is no *reasonable* doubt that the green, leafy vegetation tested and weighed in this case was entirely marijuana.

The defendant also contends that the State failed to prove that she had failed to pay the taxes, because the detective never asked the defendant whether she had purchased tax stamps for the marijuana. The defendant misunderstands the law. K.S.A. 79-5208 states that it is a severity level 10 felony to possess marijuana as a dealer without affixing the appropriate value of drug tax stamps, labels, or other indicia to the package containing the drugs. The State is not required to prove that the defendant did not pay her drug tax, but must only demonstrate that the proper numbers and/or values of drug tax stamps were not affixed to the drugs.

Here, the factfinder was presented with testimony that the arresting officer observed no tax stamps on anything he collected from the defendant. Moreover, the factfinder was presented with the baggy containing the 29.58 grams of marijuana as evidence in the case. There were no tax stamps affixed to the baggy admitted into evidence.

The record establishes sufficient evidence from which a rational factfinder could find beyond a reasonable doubt that the defendant failed to affix drug tax stamps to the marijuana.

Affirmed.