NOT DESIGNATED FOR PUBLICATION

No. 116,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUNG Q. TRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 16, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: This is Dung Q. Tran's direct appeal from four counts of aggravated assault, two counts of aggravated endangering of a child, two counts of criminal damage to property, and one count of aggravated robbery. Tran challenges certain jury instructions, the State's amendment of the property damage charge, and the sufficiency of evidence on certain counts. Finding no error, we affirm.

1

*Factual and procedural background*

Three incidents on April 28, 2015, gave rise to the 10 charges in this case. The parties are familiar with the facts and we find it unnecessary to recite them in detail. The first incident occurred when Tran, his stepson, and Alex Cruz-Sanchez went to Phung Vo's home to try to retrieve Tran's cell phone, which he had left with Vo as collateral. Tran was charged with aggravated robbery of Vo's and of Elizabeth Rodriguez' (Vo's girlfriend) cell phones and aggravated assault of Rodriguez. The second incident occurred soon thereafter when Tran, his stepson, and Cruz saw Luis Parada in a car outside Vo's residence and confronted him. Parada's wife, their two oldest children (J.H. and Y.H.) and his wife's two youngest children (A.H. and M.P.) were also in the car when Tran and his cohorts broke the car window and tried to pull Parada out of the car. This was charged as a battery of Parada, criminal damage to that car, aggravated assault of Parada's wife and two oldest children, and aggravated endangerment of the two youngest children. The third incident occurred several hours later when Tran and others went back to Vo's residence and smashed windows in the house and on two nearby vehicles, one of which was a truck owned by Rodriguez' mother, Luz Vargas. This lead to a further charge of criminal damage to property.

The jury found Tran guilty of four counts of aggravated assault, two counts of aggravated endangering of a child, and two counts of criminal damage to property. The jury found Tran not guilty of battery and hung on the aggravated robbery count. Tran was retried on the aggravated robbery charge and that jury found him guilty. Tran has timely appealed.

*Did the district court err by denying Tran's request for jury instructions on the lesser included offenses of simple assault and simple robbery?*

Tran first contends that the evidence justified a jury instruction on the lesser crime of simple assault. Tran had requested an instruction on simple robbery in addition to aggravated robbery and an instruction on simple assault in addition to aggravated assault. The district court found the requested instructions improper because it was undisputed that a weapon had been used in the commission of the crimes, and Tran's guilt could be supported under an accomplice liability theory.

Tran argues that the district court erred by finding that his conviction for assault with a deadly weapon could be supported under an accomplice liability theory because none of the direct evidence suggested that he "advised, hired, counseled, or procured" Cruz' aid for the commission of any crime. Tran's argument that the district court erred by not instructing the jury on simple robbery is identical in all material respects to his argument concerning the simple assault instruction.

In cases where some evidence would reasonably justify a conviction of some lesser included crime the judge shall instruct the jury as to the crime charged and any lesser included crime. K.S.A. 2016 Supp. 22-3414(3). But it is improper to instruct the jury on a lesser included offense when the evidence shows that the defendant is either guilty or not guilty of an aggravated offense. See *State v. Buckner*, 221 Kan. 117, 121, 558 P.2d 1102 (1976).

In reviewing this issue, we apply a four-part test:

"(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient

3

evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in [*State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011)]." *State v. Plummer*, 295 Kan. 156, 163, 283 P.3d 202 (2012).

A jury instruction is legally appropriate if the requested jury instruction is for a lesser included offense of the charged offense. *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015). A lesser included offense is a "crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2016 21-5109(b)(2). Robbery is a lesser included offense of aggravated robbery because aggravated robbery is defined as a robbery committed by a person who is "armed with a dangerous weapon." K.S.A. 2016 Supp. 21-5420(b)(1). For the same reason, assault is a lesser included offense of aggravated assault. K.S.A. 2016 Supp. 21-5412(b)(1). Thus, jury instructions on simple assault and robbery were legally appropriate.

The parties dispute whether the instructions were factually appropriate. A lesser included offense is factually appropriate if the evidence in the record and the reasonable inferences drawn from that evidence reasonably supports a conviction for the lesser included offense. *Woods*, 301 Kan. at 876. The security camera footage shows that Cruz was armed with a handgun, and witnesses testified that Cruz had a gun. Tran did not object to the jury instructions at issue on the grounds that a gun was not used in the commission of the crimes. Instead Tran objected that only Cruz possessed or used the firearm. The evidence clearly shows that the crimes at issue were committed by use of a gun.

Tran did not personally carry a gun; nonetheless, "[a] person is criminally responsible for a crime committed by another if such person, acting with the mental culpability required for the commission thereof, advises, hires, counsels or procures the other to commit the crime or intentionally aids the other in committing the conduct

4

constituting the crime." K.S.A. 2016 Supp. 21-5210(a). The trial testimony, viewed in the light most favorable to the State, proved that Tran aided Cruz in the commission of assault and robbery with a firearm. Cruz and Tran acted in concert when Cruz used his gun to commit aggravated assault and aggravated robbery. Thus Cruz' lack of actual possession of the firearm was immaterial. See *State v. Johnson*, 230 Kan. 309, 310-11, 634 P.2d 1095 (1981).

Because the lesser included offense instructions that Tran desired were not factually appropriate, the district court did not err by declining to instruct the jury on them.

*Did the district court err by allowing the State to amend the charges at trial?*

Tran next argues that he was prejudiced by the district court's decision to allow the State's late amendment of the property damage charges because he did not have an opportunity to prepare a defense. The jury determined that the property damaged was at least $1,000 but less than $25,000. Tran asserts that the damage caused to the property as originally charged amounted to less than $200, meaning he could not have been convicted of felony property damage which requires $1,000 of property damage.

We review a district court's decision to allow an amendment to criminal charges for an abuse of discretion. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 106 (2013).

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial

rights of the defendant are not prejudiced." K.S.A. 22-3201(e). Tran does not contend that the amendment charged an additional or different crime. Thus our sole inquiry is whether his substantial rights were prejudiced by the amendment. *State v. Matson*, 260 Kan. 366, 370, 921 P.2d 790 (1996).

At the preliminary hearing, Vargas testified that the windshield and the two side windows of her '75 Dodge truck had been broken out as a result of Tran's criminal acts and that her projected economic loss to replace the windshield and the two side windows was almost a thousand dollars based on a bid she had received from a glass repair business. The court found damages in excess of $1,000 at the preliminary hearing, so Tran was bound over on a felony criminal damage to property charge.

At trial, Vargas testified to her interest in the home and her truck that was damaged and that it would cost "almost a thousand dollars" to fix her truck. During the instruction conference, the State moved to amend the property damage charges against Tran from "damage to windows in house and car" to "damage to windows in house and vehicles." Both the original charge and the amended charge alleged felony criminal damage to property, i.e., over $1,000. The amended language included damage Tran caused to the truck owned by Rodriguez' mother, Vargas, who lived next door to Vo and Rodriguez. The State also moved to add Rodriguez' mother as a victim.

Tran objected on the grounds that his defense had been prepared in relation to damage done to Rodriguez' car and the home windows, not to the truck. The State responded that by using the term "car" in the charging document, it had intended to include Vargas' truck but the amendment would clarify matters for the jury. The district court determined that the term "car windows" could fairly be interpreted as referring to more than one vehicle and that the term "car" could also refer to a truck in common parlance. The district court noted that Vargas had testified at the preliminary hearing, had

6

been listed as a trial witness, and had testified at trial, then it allowed the amendment because doing so would conform the complaint to the evidence that had been presented. The district court also noted that even had it denied the amendment, the State would have been able to argue that the truck and Vargas were included in the original charge because of the manner in which the evidence had been presented.

Tran contends that he was prejudiced by the late amendment because he had no opportunity to confront the new damages charged. But Tran does not say what he would have done differently had the State amended earlier, and does not show that the damages were "new" in the sense that he lacked prior notice of them. We thus find no prejudice. See *State v. Little*, 26 Kan. App. 2d 713, 721, 994 P.2d 645 (1999) (trial court did not err in allowing amendment to complaint where defendant did not specify how amendment would prejudice him); see also *State v. Calderon-Aparicio*, 44 Kan. App. 2d 830, 847-50, 242 P.3d 1197 (2010) (when evidence is the same under both theories and defendant cannot specify how his defense would have changed, no substantial prejudice shown due to amendment). Tran's theory of defense was that he was trying to reclaim property that was rightfully his; that Vo's testimony should be discredited due to his criminal history; and that the State's case rested solely on weak circumstantial evidence. Had the jury believed Tran, it would have acquitted him of all counts, regardless of whether the charge alleged damage to the windows in "house and car" or damage to the windows in "house and vehicles." We find no indication that the amendment to conform to the evidence in any way prejudiced Tran's defense. Where no prejudice is shown, the language of K.S.A. 22-3201(e) permits amendments to conform a charging document to the evidence. See *State v. Van Cleave*, 239 Kan. 117, 121, 716 P.2d 580 (1986) (amendment permitted where no prejudice shown); *State v. Ferguson*, 221 Kan. 103, 105-06, 558 P.2d 1092 (1976) (amendment of information during course of trial not error).

7

Although the better practice may be for the State to amend earlier, we find no abuse of discretion in the district court's permission of the late amendment under the facts of this record.

*Was the evidence sufficient to convict Tran of committing aggravated assault with a deadly weapon against J.H. and Y.H.?*

Tran next argues that the evidence was insufficient to support the aggravated assault charges because the evidence failed to show that J.H. and Y.H., the two older children in the car that Tran attacked, feared immediate bodily harm. Tran contends that these charges cannot be sustained because no direct testimony was given about the children's mental states.

When the sufficiency of evidence is challenged in a criminal case, we review all the evidence in the light most favorable to the State. *State v. Banks*, 306 Kan. 854, 858, 397 P.3d 1195 (2017). A criminal conviction should not be overturned on appeal if a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In determining the sufficiency of the evidence, we do not reweigh evidence, determine the credibility of witnesses, or resolve evidentiary conflicts. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). Facts may be established by direct or circumstantial evidence; once a fact is proven through circumstantial evidence, the jury may draw reasonable inferences from the proven fact. *State v. Taylor*, 34 Kan. App. 2d 889, 891, 126 P.3d 437 (2006). Direct evidence of a person's intent or state of mind is seldom available, and competent circumstantial evidence typically will be sufficient. *State v. Griffin*, 279 Kan. 634, 638, 112 P.3d 862 (2005); cf. *State v. Jefferson*, 297 Kan. 1151, 1167, 310 P.3d 331 (2013) (elements of even serious crimes can be proved through circumstantial evidence, and jurors may rely on logical inferences drawn from those circumstances).

The circumstantial evidence presented here is sufficient. It is undisputed that Tran and his cohorts surrounded the car that Y.H. and J.H. were in, broke the window, and assaulted the driver. Witnesses testified they heard an adult passenger pleading for the assailants to stop pointing the gun at the children. Rodriguez heard her friend shout "you're confusing me for someone else. . . . Don't shoot my baby." Rodriguez also heard the children crying. Vargas testified that she heard a woman shouting at someone to take a gun away from her baby and for someone to call the police. One of the responding police officers testified that he observed the four children who were passengers in the car that Tran and the other assailants attacked. He testified that the two older children appeared upset or traumatized by the incident but the two younger children did not appear to have grasped what was happening.

Direct testimony from J.H. and Y.H. was not necessary to prove that they feared imminent bodily harm. Their mental state could reasonably be inferred from the testimony noted above. The evidence is thus sufficient to support the jury's guilty verdict on this charge.

*Was the evidence sufficient to convict Tran of committing aggravated child endangerment against A.H. and M.P.?*

Tran next contends that he could not have consciously disregarded the risk of injuring A.H. and M.P., the younger two passengers in the car, when he broke the car window and punched the driver because he did not know that the children were in the car. Tran argues that it was impossible for him to recklessly endanger the children without knowing that they were present. Tran alleges that he abandoned his conduct upon learning that A.H. and M.P. were in the car.

9

As noted above, when the sufficiency of evidence is challenged in a criminal case, we review all the evidence in the light most favorable to the State. *Banks*, 306 Kan. at 858.

Perhaps Tran did not know the younger children were present when he initially approached the car. But the record shows that soon after Tran began his assault on the car he acquired actual knowledge that children were in the car, yet he did not immediately stop his conduct. Tran broke the window and punched the driver which prompted the children to start crying. Rodriguez testified that she heard the children crying and heard her friend shout "you're confusing me for someone else. . . . Don't shoot my baby." Vargas testified that she heard a woman shouting at someone to take a gun away from her baby and for someone to call the police. During Tran's interview he admitted that he heard the children crying when he broke the car window and assaulted the driver. The detective testified that Tran stopped due to the combination of children crying and knowing that the police had been called. The jury could reasonably have found that Tran could not have been both close enough to the car to break out its window and there long enough to assault the driver without also learning, through sight or sound, that some of the car's occupants, who were merely a few feet from him at the time, were young children.

Viewed in the light most favorable to the State, the evidence, although not overwhelming, shows that Tran consciously disregarded the risk of injuring A.H. and M.P. His conviction for aggravated child endangerment stands.

*Was Tran deprived of a fair trial due to cumulative error?*

Tran invokes the cumulative error doctrine to support his claim that he was denied a fair trial. But this doctrine is inapplicable because we have found no errors. *State v.*

10

*Love*, 305 Kan. 716, 737, 387 P.3d 820 (2017) (finding if there is no error or only a single error, cumulative error does not supply a basis for reversal).

Affirmed.