NOT DESIGNATED FOR PUBLICATION

No. 117,551

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN POSSEMATO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER and DAVID R. PLATT, judges. Opinion filed September 21, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J, MCANANY and POWELL, JJ.

PER CURIAM: This case arises out of an October 2013 traffic stop on I-70 in Geary County, during which a large cache of marijuana was uncovered. Sean Possemato, the driver of the car, was convicted of not having a drug tax stamp and possession of marijuana with the intent to distribute. His brother, Rocco, who was a passenger in the car, was convicted in separate proceedings of conspiracy to possess marijuana with the intent to distribute it. Sean was sentenced to a controlling term of 110 months in prison but was granted probation. Rocco's conspiracy conviction was reversed on appeal. *State v. Possemato*, No. 115,087, 2018 WL 297378 (Kan. App. 2018) (unpublished opinion).

1

In this appeal, Sean claims (1) the district court erred in denying his motion to suppress; (2) the district court violated his statutory right to speedy trial because it failed to bring him to trial within 180 days of his request; and (3) the district court's jury instruction improperly allowed the jury to infer that Sean intended to distribute marijuana if it found that he possessed at least 450 grams of it.

*Motion to Suppress*

Sean's first claim of error, the denial of his motion to suppress, is based on the claimed unconstitutional vagueness of K.S.A. 2013 Supp. 8-1552(c), which was the basis for the traffic stop. That statute has to do with driving in the inside lane of a four-lane highway when not attempting to pass a slower moving vehicle. Sean also claims that there was no reasonable suspicion to justify the stop, that he was illegally detained beyond the time needed for the traffic stop, and that there was no probable cause to justify searching his vehicle.

The parties are well acquainted with the facts surrounding the stop and subsequent search. They are detailed in the opinion from this court on brother Rocco's appeal. Rocco also moved to suppress the evidence obtained at the traffic stop. His arguments were the same as the arguments Sean raised in his motion to suppress. The district court denied both motions. Rocco raised the same issues in his appeal that Sean now raises before us. In Rocco's appeal, a panel of this court rejected his contentions of error with respect to the stop.

In oral argument before us, Sean sought to distinguish his claim of vagueness from that of his brother. Sean argues that the statute fails to state the distance in feet a driver must be behind a vehicle being overtaken before the driver can properly move to the inside lane in order to pass. But this argument is not unique to Sean. Rocco raised the same argument when, as recounted in the opinion in his appeal, he contended:

2

"Possemato also relies on Deputy Stopper's testimony, in which the deputy states that there is no standard as to how far before attempting to pass another vehicle a vehicle can pull out into the left lane, to support his claim that the statute is vague." *Possemato*, 2018 WL 297378, at *4. The panel deciding Rocco's appeal rejected this argument and found that the statute was not unconstitutionally vague. 2018 WL 297378, at *5.

We have carefully reviewed the analysis in *Possemato*, 2018 WL 297378, and find it persuasive. We adopt that analysis in concluding that the district court did not err in denying Sean's suppression motion.

*Speedy Trial Right*

Sean also claims that the district court erred when it denied his motion to dismiss for failure to bring him to trial within 180 days as is required by K.S.A. 2016 Supp. 22-4303(b)(1)(A). Our consideration of this claim requires us to review the facts following Sean's arrest.

Sean was bound over on the State's charges following his preliminary hearing on April 10, 2014.  He was arraigned on May 23, 2014. After further proceedings, the court held a status conference on March 23, 2015. When Sean failed to appear because he had been detained in Connecticut on new drug charges, the district court issued a bench warrant for his arrest.

On May 6, 2015, the Connecticut Superior Court sentenced Sean to four years in prison.

On March 7, 2016, the district court received Sean's request for trial on his pending Kansas charges. The State scheduled a hearing in Kansas in April, but Sean was

3

not returned to Kansas until June 23, 2016. The court held a first appearance on Sean's charges the following day, June 24, 2016.

On June 27, 2016, the court held a status hearing and proposed a trial date two weeks hence. Sean requested a later trial date and agreed to waive his speedy trial right. Based on Sean's requests, the court set the case for trial on September 26, 2016, noting that the time from this status hearing until the trial date would be charged to Sean.

On August 8, 2016, Sean moved to dismiss the charges for violation of his constitutional right to a speedy trial. He alleged that there was a 431-day delay in bringing him back to Kansas that was presumptively prejudicial. The court denied the motion, reasoning that the delays were due to Sean's own conduct which resulted in his conviction and imprisonment in Connecticut. Further, Sean failed to show prejudice.

On September 22, 2016, the State filed a motion to continue the September 26, 2016 trial because a key witness was unavailable. Sean objected, but the court granted the continuance and reset the trial for October 20, 2016.

On the day of trial, Sean renewed his motion to dismiss based on a violation of his right to a speedy trial, this time founded on his right to be brought to trial within 180 days under the Kansas statute. The court denied relief, and the case went to trial. At the end of the evidence the court, over Sean's objection, instructed the jury:

> "If you find the defendant possessed 450 grams or more of marijuana, you may infer that the defendant possessed with the intent to distribute. You may consider the inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant."

4

The jury found Sean guilty of not having a drug tax stamp but was hung on the charges of possession of marijuana with intent to distribute and conspiracy to possess marijuana with the intent to distribute. The court declared a mistrial with respect to the deadlocked charges and set a new trial date of December 1, 2016. Due to defense counsel not being available on December 1, 2016, the trial was set over until January 9, 2017. This time was assessed against Sean.

During the retrial, the court gave the same instruction noted above. The jury found Sean guilty of possession of marijuana with intent to distribute but acquitted him on the conspiracy charge. The court sentenced Sean to 104 months in prison but suspended his sentence and granted him 36 months' probation consecutive to his Connecticut prison term.

On appeal, Sean argues that there was a violation of his statutory speedy trial right under K.S.A. 2016 Supp. 22-4303(b)(1)(A), but he does not reassert his constitutional speedy trial right. He argues that he requested a trial while he was detained in Connecticut; the court in Kansas received his request on March 7, 2016; the 180-day period expired on September 6, 2016; and that he was not brought to trial until October 20, 2016. He argues that the only continuance was granted after the 180-day period had expired and, therefore, the district court lost jurisdiction to hear the case.

Sean's claim raises issues of law over which our review is de novo. *State v. Breedlove*, 295 Kan. 481, 486, 286 P.3d 1123 (2012).

The Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 22-4301 et seq., is an *intrastate* act to control the procedure under which a Kansas prison inmate can require the disposition of pending criminal charges in Kansas. In *State v. Burnett*, 297 Kan. 447, 458, 301 P.3d 698 (2013), the court noted that under K.S.A. 22-4303 of the UMDDA there are three ways to extend the 180-day period during which the defendant

5

must be brought to trial: "(1) the court for good cause in open court grants additional time; (2) the parties stipulate to a continuance; or (3) a continuance is granted on notice to the attorney of record and opportunity [for the prisoner] to be heard."

K.S.A. 22-4401 et seq., on the other hand, sets forth the Agreement on Detainers, commonly referred to as the Interstate Agreement on Detainers (IAD). These statutes set forth the *interstate* compact under which an inmate in prison in another state can require disposition of pending criminal charges in Kansas. See *In re Habeas Corpus Application of Lancaster*, 19 Kan. App. 2d 1033, 1034, 879 P.2d 1143 (1994). Under K.S.A. 22-4401, Art. III(a), of the IAD, an inmate in prison in another state

"shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: *Provided*, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

But under K.S.A. 22-4401, Art. VI(a):

"In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."

Under K.S.A. 22-4401, Art. V(c), if the defendant is not brought to trial within this 180-day period, the court shall dismiss the case with prejudice.

Here, the IAD controls because Sean was in prison in Connecticut when he sent his request for a trial in his Kansas case. Nevertheless, the statutory period and the

6

counting rules are nearly identical under both the IAD and the UMDDA. See *State v. Martin*, No. 117,168, 2018 WL 3080522, at *2 (Kan. App. 2018) (unpublished opinion).

Here, the district court received Sean's trial request on March 7, 2016. He was brought to trial on October 20, 2016, 228 days later. The court tried to set Sean's trial two weeks after the status hearing on June 27, 2016, but Sean asked for the case to be continued. Sean personally agreed that the delay from June 27, 2016, through September 26, 2016, would be assessed against him and he waived his speedy trial rights during this period. Next, after a hearing at which each party was heard, the court granted the State's request for the trial to be continued from September 23, 2016, to October 20, 2016. Thus, the 180-day limit was tolled from June 27, 2016, through October 20, 2016. Eliminating these tolled periods, Sean was brought to trial within 112 days after receiving his request for trial. Thus, there was no violation of Sean's statutory speedy trial rights.

*Jury Instruction on Inference of Intent to Distribute*

For his final point, Sean claims the district court erred in instructing the jury that if it found he possessed more than 450 grams of marijuana, it could infer that he possessed the marijuana with the intent to distribute.

Sean objected to the instruction so the issue was properly preserved for appeal. Thus, we review the instruction to see if it was legally and factually appropriate. If not, we consider whether giving the instruction prejudiced Sean to the extent that reversal is warranted. *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015). Our review is unlimited in determining whether the jury instruction was legally and factually appropriate. *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016).

Sean argues that the instruction improperly allowed the jury to engage in inference stacking. As stated in *State v. Doyle*, 201 Kan. 469, Syl. ¶ 8, 441 P.2d 846 (1968):

"Presumption and inferences may be drawn only from facts established, and presumption may not rest upon presumption or inference on inference, and the rule is doubly applicable in criminal cases."

The challenged instruction is set forth in our Kansas Pattern Instructions, PIK Crim. 4th 57.022 (2013 Supp.). This instruction finds its legal foundation in K.S.A. 2017 Supp. 21-5705(e), which provides in part:

> "In any prosecution under this section, there shall be a rebuttable presumption of an intent to distribute if any person possesses the following quantities of controlled substances or analogs thereof:
> (1) 450 grams or more of marijuana."

PIK Crim. 4th 57.022 (2013 Supp.) and K.S.A. 2017 Supp. 21-5705(e) allow for the same inference. The inference is not conclusive but is rebuttable, and the jury was entitled to reject it.

Nonetheless, Sean argues that the instruction permits the jury to stack one inference on another contrary to the admonition in *Doyle*. The first claimed inference is the inference that the material the police seized was at least 450 gram of marijuana. The second is the inference that if there was that much marijuana in Sean's possession, then Sean probably possessed it in order to distribute it.

Sean argues that the first proposition—that the police seized at least 450 grams of marijuana—is an inference because the State only tested a small portion of the marijuana seized.

In *State v. Jennings*, 33 Kan. App. 2d 244, 99 P.3d 1145 (2004), the officer seized Jennings' bag containing 10 individually wrapped rocks of what appeared to be cocaine.

8

The rocks, weighed altogether, consisted of 3.28 grams. Jennings argued that the State failed to prove its case by proving that he possessed more than 1 gram of cocaine. He argued that because the State only tested 1 of the 10 rocks, the State could not prove that the remaining 9 bags were actually cocaine.

In affirming Jennings' conviction, the court stated: "'[T]he State is not required to prove an element of a crime to an infallible degree of mathematical certainty. Instead, the State must prove every element of the crime beyond a reasonable doubt.'" 33 Kan. App. 2d at 253 (quoting *State v. Johnson*, 31 Kan. App. 2d 687, 692, 71 P.3d 481 (2003). Besides, Jennings admitted to the arresting officer that the seized substance was cocaine.

Sean argues that the jury had to infer that at least 450 grams of the material was marijuana because not all of the material was tested. But Sean fails to account for the fact that when the drug dog alerted on the presence of drugs in his car, he admitted to the officer that he had 19 pounds of marijuana in the trunk. The officers searched the trunk and found two suitcases full of marijuana in vacuum-sealed bags. We concluded earlier that the district court properly denied Sean's motion to suppress this evidence. Thus the jury properly had before it Sean's statement to the officer that the 19 pounds of material in his trunk was marijuana. Thus, there was ample direct evidence from Sean himself—and not based on any inference—that the substance found in his trunk, which clearly exceeded 450 grams, was marijuana.

The district court did not err in giving this instruction.

Affirmed.